(91 Misc. Rep. 10)

### D'ARSI v. NAVIGAZIONE ALTA ITALIA, Limited.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

CARRIERS ⬙159—CARRIAGE OF GOODS—CLAIM AND NOTICE OF LOSS.

A bill of lading provided that notice of any claim was to be given by the consignee to the carrier's agent at the point of destination within 48 hours of the landing of or failure to deliver the goods, the claim to be preferred within 90 days from date at the offices of the owner of the steamer. The bill provided for shipment by a steamer named or a following steamer. The consignee made a claim before the termination of the 90 days for failure to deliver, but failed to give the 48-hour notice of claim. *Held*, that the claim made not only answered the requirements of the contract as a claim preferred against defendant, but also constituted sufficient notice of loss of property provided for in the 48-hour notice.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 668–671, 699–703½, 711–714, 718, 718½; Dec. Dig. ⬙159.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by F. Marciano D'Arsi against the Navigazione Alta Italia, Limited. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Isadore Finkler, of New York City, for appellant.

Convers & Kirlin, of New York City (Charles T. Cowenhoven, Jr., of New Brunswick, N. J., and Robert S. Erskine, of New York City, of counsel), for respondent.

GUY, J. In this action upon a bill of lading dated June 2, 1914, to recover damages for failure to deliver 100 boxes of lemons shipped at Palmero, Sicily, to the plaintiff at New York, the court dismissed the complaint on the ground that the plaintiff had failed to prove compliance with the contract of carriage. Clause 24 of the bill of lading, in so far as material, is as follows:

"Notice of any claim arising under this bill of lading must be given by the consignee to the steamer's agent at the port of destination within 48 hours after the landing of or failure to deliver goods, and the claim to be preferred within 90 days from the date hereof at the offices of the owner of the steamer."

The vessel was discharged of her cargo July 4, 1914, and the plaintiff testified that on or about June 27, 1914, he notified the "foreman at the dock" of the loss of the property. This testimony, however, is vague and indefinite, and entitled to little, if any, weight. On or about July 22d, within the 90-day period prescribed by the bill of lading, the plaintiff preferred a claim for the loss of the lemons in accordance with the bill of lading.

Most, if not all, of the cases cited by the respondent in support of the judgment are cases of damage, or of loss and damage, to goods. The importance and reasonableness of timely notice of damage to goods is at once apparent, for it gives the carrier an opportunity to examine them, so as to explain or meet any charge of neglect or breach of contract which may be made by the consignee. Where there is a total failure to deliver, however, as in this case, although it is desirable that early notice be given the carrier, there is no such necessity for prompt notice as in cases of damage. Here, as before stated, the plaintiff complied with the terms of the contract requiring a claim to be preferred within 90 days of the date of the bill of lading. Did he fail to observe the requirement that notice of any claim must be given "within 48 hours after the landing of or failure to deliver goods?"

As the defendant does not claim that the goods were landed, the plaintiff, assuming the stipulation to be reasonable, was only bound to give the notice within 48 hours after the failure to deliver. The ship was discharged of her cargo July 4th; but, as the carrier had a reasonable time within which to make delivery, the failure to deliver down to July 4th was not necessarily a breach of the contract in that respect. Further, under the contract the defendant had the right to carry the lemons in the Manchester Merchant, the vessel named therein, or in the "following steamship or any other of the same line"; so that, in the event of shipment and delivery by the following steamship, that fact would seem to be a defense to a claim for failure to deliver.

Under the circumstances of this case, we are of opinion that the claim given July 22d, within 90 days of the date of the bill of lading, not only answered the requirements of the contract as a claim preferred against the defendant, but that it was also sufficient notice of the loss of the property, that the plaintiff established a prima facie case, and that it was error to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.