■ MAURICE KRASNER et al., as Executors of PENNETH M. CLINE, Deceased, Doing Business as PARK PLAZA SHOPPING CENTER, Appellants, v NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered July 9, 1981 in Saratoga County, which denied plaintiffs' motion to dismiss the second affirmative defense in defendant's answer. This is an action for breach of contract and in negligence to recover damages from defendant, a public utility, for its alleged wrongful termination of utility services to vacant premises owned by plaintiffs. More specifically, it is alleged that as a result of the termination of the utility services the heating system failed to operate, causing pipes and water mains to freeze and rupture. As a second affirmative defense to the complaint, defendant alleged that its liability was limited by its filed tariff which states, in pertinent part, as follows: "11. Liability: The Corporation will endeavor at all times to provide a regular and uninterrupted supply of service, but in case the supply of service shall be interrupted or irregular or defective or fail from causes beyond its control, or through ordinary negligence of employees, servants or agents, the Corporation will not be liable therefor". Plaintiffs moved pursuant to CPLR 3211 (subd [b]) to dismiss the defense on the grounds that the tariff dealt with the interruption of service and was inapplicable to the termination of plaintiffs' service and that common law and 16 NYCRR 218.1 prohibited defendant from exempting itself from liability in this case. Special Term denied the motion and this appeal by plaintiffs ensued. Initially we note that while both parties submitted additional evidentiary material we are not concerned with a motion for summary judgment, but rather a claim that a viable defense is not alleged. The sole criterion, therefore, is whether there is a defense cognizable at law and any evidentiary matter may generally only be used to remedy a defect in the pleading (see *Rovello v Orofino Realty Co.,* 40 NY2d 633). Here the evidentiary material has the contrary effect since it conclusively establishes that defendant did not interrupt plaintiffs' service, but on the contrary intentionally terminated it. Consequently, our concern is narrowed to whether the tariff is applicable to a voluntary termination of service. In our view, tariffs of a public utility are considered as part of the

contract between the customer and the utility. In the present case, we are thus presented with an ambiguous contract term. Since there is no relevant extrinsic evidence or the anticipation of the availability thereof to assist us to resolve the ambiguity, the issue becomes one of law (*Schuler-Haas Elec. Co. v Aetna Cas. & Sur. Co.,* 40 NY2d 883). The tariff attempts to limit defendant's liability for its own negligence and such exculpatory clauses are strictly construed against the party seeking exemption from liability (*Shalman v Board of Educ.,* 31 AD2d 338). Such strict construction is even more necessary in view of defendant's superior bargaining position (41 NY Jur, Negligence, § 6, p 13). In light of these principles, we are of the view that the tariff does not apply to the termination of services but rather only to the interruption of services. The tariff contemplates a situation where service is interrupted over a large area, as in a blackout, where defendant could be subject to numerous lawsuits possibly resulting in large verdicts necessitating a substantial increase in rates. Significantly, in the instant case we are not confronted with such a situation, but only with the termination of the service to one customer. Therefore, in our opinion, the tariff is inapplicable. Having concluded that the tariff is inapplicable in the present case, we need not now consider whether the tariff is violative of 16 NYCRR 218.1. The order must be reversed and the second affirmative defense dismissed. Order reversed, on the law, without costs, and plaintiffs' motion for dismissal of the second affirmative defense in defendant's answer granted. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.