OPINION OF THE COURT
Per Curiam.
Order entered April 24, 1986 unanimously reversed, with $10 costs, defendant’s motion for summary judgment is granted and the complaint dismissed.
In this action, plaintiffs seek to recover $9,250.78, based upon defendant’s failure to deliver 1 of 3 pallets of semifinished leather shipped from Buenos Aires, Argentina, to New York under defendant’s master air waybill and a single house air waybill issued by plaintiff freight forwarder. Plaintiff Leather’s Best, Inc. was the consignee of the shipment. The shipment left Buenos Aires on or about September 6, 1983 and arrived at Kennedy Airport on September 7, 1983. Documents in the record, including the house air waybill and the supplier’s invoice and packing list, variously describe the shipment as consisting of three pieces, packages or pallets, separately marked and numbered U.L. Nos. 3161, 3162 and 3167. The consignee’s trucker received the incomplete shipment on or about September 13, 1983. The trucker’s receipt identified U.L. No. 3161 as "missing”.
Plaintiff consignee filed a notice of claim with defendant on or about October 3, 1983, 20 days after receipt of the shipment. Subsequently, plaintiffs commenced the instant action for breach of contract of international air carriage to recover the value of the missing pallet.
Defendant moved for summary judgment pursuant to CPLR 3212 based upon its first affirmative defense of untimely written notice of claim. Defendant asserted that its tariff, incorporated into and amplifying the conditions of contract printed on the reverse side of defendant’s master air waybill, required a written notice of claim to be filed within seven days from the date of reciept of the pallets, the applicable time limitation in case of "damage to or partial loss” of cargo.
Cargo rule No. 23 (B) of defendant’s tariff provided, in pertinent part, as follows:
"Time Limitations on Claims and Actions
*799 "No action shall be maintained in the case of damage to or partial loss of cargo unless a written notice, sufficiently describing the cargo concerned, the approximate date of the damage, and the details of the claim is presented to an office of the Carrier within 7 days from the date of receipt thereof, in the case of delay unless presented within 14 days from the date the cargo is placed at the disposal of the person entitled to delivery of the consignment, and in case of loss (including non-delivery) unless presented within 120 days from the date of issue of the air waybill.”
Civil Court denied defendant’s motion, granted summary judgment in favor of plaintiffs pursuant to CPLR 3212 (b) and set the matter down for an assessment of damages. Relying upon a "discrete number of packages rule,” the court below found the consignee’s written notice of claim to be timely presented under the "loss (including non-delivery)” provision of the tariff (i.e., within 120 days from the date of issue of the air waybill). The court reasoned that the arrival of only 2 pallets, rather than 3 pallets, did not put plaintiff consignee on notice that 1 pallet was missing since the consignee may have believed that an inadvertent separation in transit had occurred.
We reverse. The loss of 1 of the 3 pallets of a shipment constitutes a "partial loss” of a total shipment, not a total loss of part of the shipment within the meaning of defendant’s tariff. Thus, the "partial loss” aspect of the notice of claim provision controls this transaction (Travelers Indem. Co. v Alia Airlines, 18 Av Cas 17,687, affd without opn NYLJ, Apr. 4, 1985, at 6, col 1 [App Term, 1st Dept] [seven-day notice of claim "partial loss” provision applied to loss of 2 of 8 packages of microfilm equipment under identical tariff rule]).
Significantly, in cases of "damage to or partial loss” of cargo, unlike the case of a total loss where no shipment ever arrives (a total failure to deliver) (see, 17 NY Jur 2d, Carriers, § 320; D’Arsi v Navigazione Alta Italia, 91 Misc 10 [App Term, 1st Dept], affd 173 App Div 963), the consignee is immediately aware of the carrier’s breach and, thus, the short notice of claim requirement should not be relaxed.
Here, plaintiff consignee clearly was on notice that 1 pallet was missing as evidenced by the notation on the trucker’s receipt and the description of the shipment as consisting of 3 pallets, packages or pieces (see, 1 Sorkin, How to Recover for Loss or Damage to Goods in Transit § 7.24 [3], at 7-84, n 49 *800 [1986]). None of the documents describe the portion of the cargo delivered as a "part shipment,” inducing plaintiffs to believe that the delivery of the remaining pallet and full satisfaction of the contract was imminent.
Accordingly, the instant action was time barred by plaintiffs’ failure to file a written notice of claim within seven days from the date of receipt of a portion of the cargo. In reversing the order below and dismissing the complaint, we are cognizant that the purpose of the short seven-day notice requirement in cases of damage to or partial loss of cargo is not to provide the carrier with a means to escape liability from the steadily increasing incidence of cargo thefts. Rather, the rule sets a time limit so that a prompt investigation can be made by the carrier in an endeavor to locate the item, verify the claim and identify the person or practice responsible while the facts are fresh.
Sandifer, J. P., Parness and Ostrau, JJ., concur.