Maro Leather Co., Appellant, v Aerolineas Argentinas, Respondent and Third-Party Plaintiff, et al., Third-Party Defendant.

First Department, December 20, 1988

### APPEARANCES OF COUNSEL

*Paul H. Murphy* of counsel *(Joseph A. Scalzo* with him on the brief; *Donovan, Maloof, Walsh & Repetto,* attorneys), for appellant.

*Paul Ambos* of counsel *(Walsh and Levine,* attorneys), for respondent and third-party plaintiff.

**OPINION OF THE COURT**

ASCH, J.

Plaintiff Maro Leather Co., an importer, was the consignee of nine pallets of unfinished leather from Argentina. The complete shipment of nine pallets was manifested aboard defendant Aerolineas Argentinas' flight 310 of January 29, 1984 from Buenos Aires to New York. Aerolineas' delivery tally, dated February 2, 1984, reflected that only 7 of the 9 pallets were delivered to plaintiff's agent. The tally also showed that the delivery was made in 2 lots of 3 and 4 pallets, respectively.

On February 10, 1984, plaintiff's freight forwarder, Trans World Shipping Corp., filed a notice of claim with Aerolineas for the loss of the two pallets. Aerolineas did not pay the claim and plaintiff commenced this action seeking $23,024.90, the value of the two missing pallets. Defendant answered and asserted, *inter alia,* the affirmative defense that it was not liable to plaintiff because the notice of claim was not filed within the applicable time period.

It is undisputed that the Convention for the Unification of Certain Rules Relating to International Transportation by Air (Warsaw Convention) (49 US Stat 3000, reprinted following 49 USCA § 1502) applies. Article 26 of that Convention provides:

"(1) Receipt by the person entitled to the delivery of baggage or goods without complaint shall be *prima facie* evidence that the same have been delivered in good condition and in accordance with the document of transportation.

"(2) In case of damage, the person entitled to delivery must complain to the carrier forthwith after the discovery of the damage, and at the latest, within 3 days from the date of receipt in the case of baggage and 7 days from the date of receipt in the case of goods. In case of delay the complaint must be made at the latest within 14 days from the date on which the baggage or goods have been placed at his disposal.

"(3) Every complaint must be made in writing upon the document of transportation or by separate notice in writing dispatched within the times aforesaid.

"(4) Failing complaint within the times aforesaid, no action shall lie against the carrier, save in the case of fraud on his part."

The Convention imposes no notice requirement on a shipper whose goods are lost or partially lost.

Defendant's Cargo Tariff Rule No. 23 and the terms and conditions of the contract of carriage (air waybill), which are substantially the same, also set out the rights of the parties.

The pertinent part of defendant's Cargo Tariff Rule No. 23 provides: "No action shall be maintained in the case of damage to or partial loss of cargo unless a written notice, sufficiently describing the cargo concerned, the approximate date of the damage, and the details of the claim is presented to an office of Carrier within 7 days from the date of receipt thereof, in the case of delay, unless presented within 14 days from the date the cargo is placed at the disposal of the person entitled to delivery of the consignment, and in the case of loss (including non-delivery) unless presented within 120 days from the date of issue of the air waybill."

The terms and conditions of the contract of carriage set out in the air waybill state in pertinent part: "No action shall be maintained in the case of damage to goods unless a weitten *[sic]* notice, sufficiently describing the goods concerned, the approximate date of the damage, and the details of the claim, is presented to an office of Carrier within 7 days from the date of receipt thereof, in the case of delay, unless presented within 14 days from the date the goods are placed at the disposal of the person entitled to delivery, and in the case of lass *[sic]* (including non-delivery) unless presented within 120 days from the date of issue of the air waybill."

Plaintiff's claim was filed eight days after February 2, 1984, the date of receipt of 7 of the 9 pallets.

The Civil Court found that short delivery under the facts of this case constituted "loss" as opposed to "partial loss" and ruled that the 120-day notice period was applicable. Accordingly, it granted plaintiff's motion for partial summary judgment dismissing defendant's first affirmative defense.

Appellate Term viewed the delivery of only 7 of 9 pallets as partial loss of a total shipment, in accordance with its prior decision in *Leather's Best v Aerolineas Argentinas* (136 Misc 2d 797). It consequently applied the seven-day period and granted summary judgment in favor of defendant, dismissing the complaint.

The issue, simply put, is whether the loss of two pallets from a total shipment of nine pallets would constitute a "partial loss" to activate the seven-day notice provision of the defendant's tariff or a "total loss" of part of the shipment

allowing the application of the 120-day notice provision of the tariff.

The Appellate Term of this Department, in a well-reasoned decision in *Leather's Best v Aerolineas Argentinas (supra)*, construed identical tariff provisions in a case where one of a shipment of three pallets of leather was lost. In finding the seven-day notice provision applied, that court held in pertinent part:

"The loss of 1 of the 3 pallets of a shipment constitute a 'partial loss' of a total shipment, not a total loss of part of the shipment within the meaning of defendant's tariff. Thus, the 'partial loss' aspect of the notice of claim provision controls this transaction *(Travelers Indem. Co. v Alia Airlines,* 18 Av Cas 17,687, *affd without opn* NYLJ, Apr. 4, 1985, at 6, col 1 [App Term, 1st Dept] [seven-day notice of claim 'partial loss' provision applied to loss of 2 of 8 packages of microfilm equipment under identical tariff rule]).

"Significantly, in cases of 'damage to or partial loss' of cargo, unlike the case of a total loss where no shipment ever arrives (a total failure to deliver) *(see,* 17 NY Jur 2d, Carriers, § 320; *D'Arsi v Navigazione Alta Italia,* 91 Misc 10 [App Term, 1st Dept], *affd* 173 App Div 963), the consignee is immediately aware of the carrier's breach and, thus, the short notice of claim requirement should not be relaxed.

"Here, plaintiff consignee clearly was on notice that 1 pallet was missing as evidenced by the notation on the trucker's receipt and the description of the shipment as consisting of 3 pallets, packages or pieces *(see,* 1 Sorkin, How to Recover for Loss or Damage to Goods in Transit § 7.24 [3], at 7-84, n 49 [1986]). None of the documents describe the portion of the cargo delivered as a 'part shipment,' inducing plaintiffs to believe that the delivery of the remaining pallet and full satisfaction of the contract was imminent." *(Leather's Best v Aerolineas Argentinas, supra,* at 799-800.)

However, this reasoning ignores the dichotomy set forth in defendant's tariff (and air waybill) between "damage to or partial loss of cargo" and "loss (including non-delivery)". The first category deals with claims for "damage" to good delivered or "partial loss" of goods delivered, i.e., pilferage of some or all of the contents. As to this "partial loss", the seven-day notice provision applies *since* the carrier can undertake a prompt investigation. Further, since the goods are in the possession of the consignee, it can make a prompt inspection

to determine if there is any damage or if there are any missing items in the shipment. However, when cargo is not delivered, we are faced with the second category of "loss (including non-delivery)", even when we are dealing, as here, with separate, discrete pieces of a single shipment which have not been delivered.

Chief Judge Weinstein of the Eastern District of New York, in a scholarly decision in *Denby v Seaboard World Airlines* (575 F Supp 1134, *revd on other grounds* 737 F2d 172), traced the history of article 26 of the Warsaw Convention, its construction and the reasons for the notice provisions. While not raised by plaintiff herein, the court in *Denby* noted that the Convention, while establishing a notice provision for damaged delivered goods, omitted a notice provision for lost or destroyed goods and baggage *(see,* art 26). However, the courts have consistently allowed carriers to fix some definite notice period after which the shipper may no longer assert the carrier's liability for the loss *(see; Denby v Seaboard World Airlines, supra,* at 1138, and cases cited thereat).

Chief Judge Weinstein discussed the equation of partial loss of the contents of a piece of luggage (or container) with the "damage" called for in article 26 of the Warsaw Convention and then adopted the reasoning of *Fothergill v Monarch Airlines* ([1980] 2 Lloyd's LR 295 [HL]). In that case an airline passenger filed a claim promptly for damage to his luggage, i.e., a split seam and a broken lock, but did not file a timely claim for articles he later found missing from the baggage. The House of Lords held that this partial loss of contents of the baggage *was* damage within the meaning of article 26 and, therefore, a timely claim for the lost articles was needed.

"Theoretically, the concept of 'damage' as defined by the House of Lords could be extended to include any kind of shortage, as for example, when only one carton in a shipment of ten is delivered. This broader concept of damage was apparently the basis of the decision by the Supreme Court of the Netherlands in *Affretair v. V O B,* Judgment of Feb. 12, 1982, RW 1982,50, where there was a short delivery of three packages out of twenty. The decision is cogently criticized by one commentator, partly on the ground that in *Affretair,* the short number of packages was visible on a single count, while in *Fothergill,* it was not immediately apparent that any items were missing from the suitcase. Note, *Supreme Court of the Netherlands: Affretair v. V O B or Fothergill's Dutch Treatment,* 7 J.Air L. 173, 176 (1982). As the author put it:

" 'The present decision is more than an affirmation of the ruling of the House of Lords, which in fact dealt with a case of partial *loss of contents of* a suitcase and not with what Manckiewicz *[sic]* has described as "partial loss *stricto sensu*", *viz.,* the loss of one or more packages/suitcases carried under one air waybill/baggage check.' *Id.* at 176 (citation omitted, emphasis in original).

"This distinction is the one we adopt. Loss of one or more whole packages—whether cartons, loose pieces, suitcases or containers—may need no written notice. But delivery of a package or container with part of its contents missing is damage and requires notice as held in *Fothergill. See, e.g., Hartford Fire Insurance Co. v. Aerolineas Argentinas,* 16 Avi. 17,940 (N.Y. App. Term 1981) (relying on *Fothergill* to require timely notice of damage for carton delivered short in weight)." *(Denby v Seaboard World Airlines, supra,* at 1141.)

Further, while reversing the District Court on other grounds and noting that "we agree with much of Chief Judge Weinstein's scholarly opinion", Judge Friendly of the Second Circuit, in yet another scholarly opinion, noted the general rule that ambiguities in a filed tariff are to be construed against the carrier *(Denby v Seaboard World Airlines,* 737 F2d 172, 174, 187, *supra).* In summary, "loss (including non-delivery)" of an entire container or pallet must be distinguished from pilferage or theft from a sealed container. The former is readily brought to the carrier's attention, just as if the whole shipment were lost, when the consignee does not receive delivery of all goods on the manifest. The latter loss from theft, etc., however, is not readily noticeable and requires prompt notification to ensure investigation.

As indicated above, defendant's delivery tally reflected that only 7 of the 9 pallets were delivered to plaintiff's agent. It also noted that delivery was made in 2 lots of 3 and 4 pallets and bore the further notation "N/L 2 pcs". Thus, nondelivery was not only readily apparent, but noticed, in this case. Accordingly, the 120-day notice period provided for in the case of "loss (including non-delivery)" applies.

Accordingly, the order of the Appellate Term, First Department, dated October 21, 1987, which reversed the order of the Civil Court, New York County (Emily Jane Goodman, J.), entered September 23, 1986, and granted summary judgment in favor of defendant Aerolineas Argentinas dismissing the complaint of plaintiff Maro Leather Co., should be reversed,

on the law, and the judgment of the Civil Court reinstated, with costs and disbursements payable by defendant.

MURPHY, P. J., SULLIVAN, ROSENBERGER and WALLACH, JJ., concur.

Order, Appellate Term of the Supreme Court, First Department, entered on or about October 21, 1987, unanimously reversed, on the law, and the judgment of the Civil Court reinstated. Appellant shall recover of defendant-respondent and third-party plaintiff $75 costs and disbursements of this appeal.