■ COLLECTIBLES, INC., Appellant, v YUGOSLOVENSKI AEROTRANSPORT (YUGOSLAV AIRLINES) et al., Respondents.—Order, Supreme Court, New York County (David Edwards, Jr., J.), entered on or about October 28, 1988, which upon granting renewal of a motion, granted the defendants' motion for summary judgment and denied the plaintiff's cross motion to strike the answer and for summary judgment against the defendants, unanimously modified, on the law, to deny the defendants' motion for summary judgment, and otherwise affirmed, without costs.

This is an action by plaintiff against the defendants, including JAT Yugoslavia Airlines (JAT), incorrectly sued as Yugoslovenski Aerotransport, for the value of 62 of 291 cartons of ladies' garments which were delivered to defendants but never delivered to the plaintiff consignee. The goods were carried by the respondent JAT on October 9, 1984 from Belgrade, Yugoslavia, to JFK International Airport in New York City. They were stored by JAT's ground handling agent, defendant Pan American, until picked up by Fantastic Trucking Company on October 16, 22, 24 and 26, 1984. It is undisputed that only 229 cartons were picked up.

Written notice of the loss of 62 cartons was given by

plaintiff on November 13, 1984. Defendants contend that the plaintiff was required to give written notice of the claim within seven days of delivery since JAT had on file with the Civil Aeronautics Board a cargo rules tariff, rule No. 23 (B), which provided that an action could not be maintained against JAT for partial loss of a cargo unless written notice of the claim was given within seven days after the cargo was received. Plaintiff contends that it had 120 days to give notice as provided in the airway bill or contract for the shipment.

It is clear that because of the nondelivery of 62 cartons, plaintiff had 120 days from the date of delivery to act and its claim was timely. The airway bill, No. 115-1870-0463, the contract by which the goods were shipped, provided in paragraph 12 that complaint of damage had to be given within 14 days from receipt, complaint of delay had to be given within 21 days of receipt but that complaint of nondelivery had to be given within 120 days of receipt.

Moreover, this case is similar to *Maro Leather Co. v Aerolineas Argentinas* (142 AD2d 265 [1st Dept 1988]), where the 120-day limit for nondelivery of goods was held to be timely. Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.