SECOND DEPARTMENT, NOVEMBER, 1994

(November 7, 1994)

■ CHARLES BARBIERE, as Administrator of MATTHEW BARBIERE, Deceased, Respondent, v HOOSHANG MOTAMED, Respondent, and ROBERT M. FARRELL, Appellant. [619 NYS2d 596] —In a medical malpractice action to recover damages for personal injuries and wrongful death, the defendant Robert M. Farrell, appeals from an order of the Supreme Court, Queens County (Rutledge, J.), dated April 12, 1993, which (1) granted the plaintiff's motion for sanctions against his attorneys for their failure to produce him for deposition, and (2) denied his cross motion to compel a further deposition of the defendant Hooshang Motamed.

Ordered that on the Court's own motion, the appellant's

notice of appeal is treated as an application for leave to appeal from that portion of the April 12, 1993, order as denied his cross motion, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the order is modified by deleting the provision thereof which denied the cross motion and substituting therefor a provision granting the cross motion on condition that the deposition shall be noticed within 30 days of the date of this decision and order; as so modified, the order is affirmed, without costs or disbursements.

Under the circumstances of this case, the conduct of defendant Farrell's attorneys, in connection with their failure to attend the deposition of codefendant Motamed, was not willful, deliberate, or contumacious, and thus the drastic sanction of precluding Farrell's examination of Motamed was not warranted *(see,* CPLR 3126; *see also, Oak Beach Inn Corp. v Babylon Beacon,* 62 NY2d 158, *cert denied* 469 US 1158).

Nevertheless, Farrell's contention that the court improperly exercised its discretion in directing the payment of $1,500 for the costs incurred by the plaintiff and codefendant Motamed in connection with the motion for sanctions is without merit. It is evident that between January 1991, when the action was commenced, and February 1993, when the motion for sanctions was made, the action languished as counsel for defendant Farrell had engaged in conduct that hindered and delayed resolution of the matter. Accordingly, imposition of monetary sanctions is appropriate *(see, Siebert v 60 Sutton Corp.,* 99 AD2d 950). Bracken, J. P., Santucci, Krausman and Goldstein, JJ., concur.