■ GUIDO ZEHNDER et al., Appellants, v GINSBURG & GINSBURG ARCHITECTS et al., Respondents. [656 NYS2d 376] —In an action to recover damages based on the allegedly faulty construction of a condominium, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 4, 1996, as denied their motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The condominium unit in which the plaintiffs resided was damaged by fire. The plaintiffs commenced this action, *inter alia,* to recover money damages based on "emotional distress [and] turmoil", and on "damage, both physical and property [*sic*]". The Supreme Court denied their motion for partial summary judgment on the issue of liability.

On appeal, the plaintiffs' sole argument is that the Supreme Court erred in failing to find, as a matter of law, that a "loft" or "mezzanine" contained in their unit was, as the plaintiffs' expert asserted, a third "story", constructed in violation of certain provisions of the New York State Uniform Fire Prevention and Building Code (9 NYCRR part 600). Their claim seems to be that the existence of such a violation would constitute a breach of contract, or a violation of the builder's implied or statutory (*see,* General Business Law § 777-a) warranty of merchantability (*see generally, Barry v Saratoga Homes,* 137 AD2d 897).

We agree with the Supreme Court that various opposing af-

fidavits pointed to the existence of an issue of fact in this respect. Also, the opinion expressed by an employee of the State Division of Housing and Community Renewal, which is explicitly characterized as "advisory" only, which was solicited by the plaintiffs' expert without notice to the defendants, and which responds to a question premised on data with which the defendants take issue, cannot be considered binding. None of the defendants was afforded an opportunity to be heard before the agency in question prior to the issuance of this advisory ruling, and hence this ruling is not conclusive of any of the facts in dispute in this litigation (*see generally, Ryan v New York Tel. Co.*, 62 NY2d 494). Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.