126

[659 NYS2d 359]

ANDREW LAUER, on Behalf of Himself and All Others Similarly Situated, Respondent, v NEW YORK TELEPHONE COMPANY, Doing Business as NYNEX-NEW YORK, Appellant. (Action No. 1.)

DANIEL FORREST et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v NEW YORK TELEPHONE COMPANY, a Wholly Owned Subsidiary of NYNEX Corporation, Appellant. (Action No. 2.)

Third Department, July 3, 1997

## APPEARANCES OF COUNSEL

*Davis, Polk & Wardwell,* New York City *(Guy Miller Struve* of counsel), and *John E. Reilly,* New York City, for appellant.

*Zwerling, Schachter & Zwerling, L. L. P.; Goodkind, Labaton, Rudoff & Sucharow, L. L. P.;* and *Heller, Horowitz & Feit, P. C.,* New York City, *Kenneth J. Munnelly,* Delmar, and *Meyer,*

*Suozzi, English & Klein,* Mineola *(G. Oliver Koppell* of counsel), for respondents.

## OPINION OF THE COURT

PETERS, J.

Defendant, a public utility subject to the jurisdiction, supervision and powers of the Public Service Commission (hereinafter PSC), sought to offer a service to its customers, pursuant to its filed tariffs, known as "Call ID". This service, which entails the use of a separate screen to display the telephone number from which a call originates, initially left unrestricted the display of those numbers of nonpublished and nonlisted service users. Before permitting defendant to offer such service, the PSC required that defendant offer its customers a service called "All Call Restrict" as part of their basic and nonpublished telephone number service. This service "[p]revents delivery of the calling number to a Call ID subscriber on all calls made from a particular line, unless the feature is disabled". Defendant ultimately offered such service yet, pursuant to its filed tariff, placed the burden upon customers to specifically request the All Call Restrict option. The tariff provided an express limitation of liability with respect to this service: "[Defendant] will not be liable for any economic harm, personal injury, invasion of any right of privacy of any person, or any other harm, loss or injury, caused or claimed to be caused, directly or indirectly, by [defendant's] delivery or failure to deliver the telephone number of a calling party. Additional limitations of liability provisions are contained in Section 1 of this Tariff." The additional limitation of liability provision referred to therein was a general limitation of liability provision which applied "in the absence of gross negligence or willful misconduct".

Plaintiff Andrew Lauer commenced an action in February 1995 seeking to represent a class of persons who ordered, but failed to receive, All Call Restrict (hereinafter action No. 1). Plaintiffs Daniel Forrest and Yvonne Sleurs filed a class action complaint, later amended and adding Adrian Clarke as a plaintiff (hereinafter action No. 2), to certify three classes of persons who did not receive All Call Restrict.[1] These plaintiffs moved for class certification in May 1995, prompting defendant

1. The first class consists of those persons who ordered and never received the service. The second consists of the first subclass who ordered nonpublished service and All Call Restrict and never received it. The third is the second subclass of persons who ordered and paid for nonpublished service

to file a cross motion to dismiss the amended complaint pursuant to, *inter alia*, the filed-tariff doctrine and the doctrine of primary jurisdiction. Defendant filed a motion to dismiss the complaint in action No. 1 on the same grounds.

By stipulation and order the actions were consolidated and, in March 1996, Supreme Court denied all motions to dismiss. Defendant appealed and later unsuccessfully sought reconsideration. In a third order entered December 9, 1996, Supreme Court granted the motions for class certification. All orders were appealed by defendant.

■ We initially note that Supreme Court, in determining the motions to dismiss, properly considered whether the filed-tariff and primary jurisdiction doctrines precluded the causes of action propounded by plaintiffs (*see, Minihane v Weissman*, 226 AD2d 152; *Bell v Village of Cornwall*, 25 AD2d 561). As to its failure to dismiss these actions upon the filed-tariff doctrine, we find no error. Recognizing that liability and rate making are inextricably intertwined, therefore making it permissible for a utility to limit its liability (*see, Western Union Tel. Co. v Esteve Bros. & Co.*, 256 US 566, 571), once the tariff is accepted by the PSC, it "takes on the force and effect of law and governs every aspect of the utility's rates and practices; neither party can depart from the measure of compensation or standard of liability contained therein" (*Lee v Consolidated Edison Co.*, 98 Misc 2d 304, 305-306; *see*, Public Service Law § 66 [12]). In considering the provisions of the tariff as "part of the contract between the customer and the utility" (*Krasner v New York State Elec. & Gas Corp.*, 90 AD2d 921, 921-922), with all ambiguities strictly construed against the drafter (*see, Maro Leather Co. v Aerolineas Argentinas*, 142 AD2d 265, 270; *Krasner v New York State Elec. & Gas Corp., supra*), we find that the language of these provisions, when read together, did not preclude plaintiffs' causes of action specifically alleging willful misconduct and gross negligence.

■ Nor do we find that the doctrine of primary jurisdiction precluded Supreme Court from proceeding on the matters presented. "No fixed formula exists for applying the doctrine of primary jurisdiction" (*United States v Western Pac. R. R. Co.*, 352 US 59, 64). Since the invocation thereof typically arises when a court determines that the resolution of the claims asserted before it " 'requires the resolution of issues which, under

but were never advised that they had to specifically request All Call Restrict to receive privacy protection from Call ID.

a regulatory scheme, have been placed within the special competence of an administrative body' " (*Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147, 156, quoting *United States v Western Pac. R. R. Co.*, *supra*, at 64), we find that Supreme Court properly determined that the issues raised did not require the "special competence" of the PSC. We further find that the results of a PSC investigation proffered in support of defendant's motion seeking renewal[2] did not provide a basis to challenge Supreme Court's determination since such motion solely addressed whether the filed-tariff or primary jurisdiction doctrines precluded these actions.

■ Finally, as to the determination granting class action status, one resting in the sound discretion of the trial court (*see*, CPLR 901 [a] [5]; *Matter of Colt Indus. Shareholder Litig.*, 155 AD2d 154, 159, *mod* 77 NY2d 185), we find that Supreme Court properly exercised its discretion when it concluded that plaintiffs satisfied all of the requisite criteria detailed in CPLR 901 (a) (*see*, *Super Glue Corp. v Avis Rent A Car Sys.*, 132 AD2d 604, 606). In so finding, we reiterate that CPLR article 9 is to be liberally construed and that " 'any error, if there is to be one, should be * * * in favor of allowing the class action' " (*Pruitt v Rockefeller Ctr. Props.*, 167 AD2d 14, 21, quoting *Esplin v Hirschi*, 402 F2d 94, 101, *cert denied* 394 US 928). As stated in *Friar v Vanguard Holding Corp.* (78 AD2d 83, 100), such determination "is not immutable and * * * [t]he Trial Judge has discretion to sever certain issues * * * to divide the class into subclasses * * * to decertify the class * * * and to make any appropriate order dealing with procedural matters concerning the conduct of the litigation" (citations omitted).

Accordingly, all orders are affirmed.

MIKOLL, J. P., MERCURE, CREW III and WHITE, JJ., concur.

Ordered that the orders are affirmed, with costs.

2. No appeal lies from the denial of a motion to reargue (*Matter of Town of Poestenkill v New York State Dept. of Envtl. Conservation*, 229 AD2d 650, 651).