■ Guido Zehnder, on Behalf of Himself and All Others Similarly Situated, Respondent, v Ginsburg & Ginsburg Architects et al., Appellants, et al., Defendants. [678 NYS2d 376] —In an action to recover damages based on the faulty construction of condominium units, the defendants Ginsburg & Ginsburg Architects, D.H.I. Enterprises, Inc., Martin Ginsburg, and Samuel Ginsburg, and the defendants Marsam Development, Inc., SMG Associates, and Ginsburg Development Corp. separately appeal, as limited by their briefs, (1) from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated March 27, 1997, as granted the plaintiffs' motion for class action certification, and (2) from so much of an order of the same court entered May 23, 1997, as, upon renewal and reargument, adhered to the prior determination.

Ordered that the appeals from the order dated March 27, 1997, are dismissed, as that order was superseded by the order entered May 23, 1997, made upon renewal and reargument; and it is further,

Ordered that the order entered May 23, 1997, is reversed insofar as appealed from, the plaintiffs' motion for class action certification is denied, and the order dated March 27, 1997, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

In 1993, the plaintiffs commenced an action, which is still pending, in which they sought to recover damages based on several theories relating to alleged defects in the construction of their condominium unit. The plaintiffs moved for partial summary judgment on the issue of liability, relying essentially on evidence which tended to show that the loft of their condominium had a square footage which exceeded certain regulatory limits. The Supreme Court denied their motion and this Court affirmed (*see, Zehnder v Ginsburg & Ginsburg Architects,* 238 AD2d 582).

In the present action, commenced in 1996, the plaintiffs seek to recover damages on behalf of "all others similarly situated", that is, on behalf of other owners of units in the condominium development whose lofts may be oversized. The Supreme Court granted class action certification. We reverse.

We do not agree with the Supreme Court that the plaintiffs have demonstrated all of the prerequisites for class action certification (*e.g., Canavan v Chase Manhattan Bank,* 234 AD2d 493; *Brady v State of New York,* 172 AD2d 17, 24-25, *affd* 80 NY2d 596, *cert denied* 509 US 905). We find, after weighing the relevant factors (*see,* CPLR 901 [a]; 902), that questions of law and fact which concern the Zehnders alone predominate over those questions of law and fact which are common to the class (*see, Aprea v Hazeltine Corp., supra; Karlin v IVF Am.,* 239 AD2d 562). We note, in particular, that the Zehnders are, in their prior action, claiming to have suffered emotional distress as the result of a fire which occurred in their unit, a circumstance which significantly differentiates their claim from that of other class members (*see, e.g., Sanna v Delta Airlines,* 132 FRD 47, 50 [and cases cited therein]). We also note that the various condominium units owned by the members of the proposed class are not of uniform design, and that the Zehnders' unit can thus not be considered typical.

For these reasons, among others, we find that class action certification is not warranted. Bracken, J. P., Ritter, Thompson and Krausman, JJ., concur.