**Henry BRZYCHNALSKI and Jadwiga Rzeczycka, on behalf of themselves and all persons similarly situated, Plaintiffs,**

v.

**UNESCO, INC., et al., Defendants.**

**No. 97 Civ. 3405 DC.**

United States District Court,
S.D. New York.

Feb. 10, 1999.

---

Pollack & Greene, LLP by Alan M. Pollack, Bryn K. Larsen, New York, New York, Virginia & Ambinder, P.C. by Lloyd Ambinder, New York, New York, for Plaintiffs.

Christy & Viener by Franklin B. Velie, New York, New York, Moss & Moss by Donald C. Moss, New York, New York, for Defendants.

### *MEMORANDUM DECISION*

CHIN, District Judge.

In this case, plaintiffs are asbestos workers who claim that their employers violated the Fair Labor Standards Act (the "FLSA") and the New York Minimum Wage Act (the "NYMWA") by failing to pay them overtime compensation at the rate of one and one-half times their regular rate of pay. Plaintiffs contend that whenever they worked more than forty hours per week, defendants paid them with two or more paychecks from separate, but related, companies, dividing the hours among the companies so that no company was allocated more than forty hours per week for any employee. Plaintiffs contend that defendants thus sought to avoid paying overtime to their employees.

Plaintiffs move (1) for leave to prosecute this action as a collective action with respect to their FLSA claims; (2) for an order directing defendants to furnish on an expedited basis the names and last known addresses of all individuals employed by defendants as asbestos workers during the relevant time period; (3) for authorization to send a notice and "opt-in" form to all prospective members

of the collective action; (4) for class certification of plaintiffs' claims under the NYMWA; and (5) for leave to add two named plaintiffs, Stanislaw Zacharski and Wilhelm Wandzel.[1] For the reasons that follow, plaintiffs' motion is granted.

### 1. The Request for Leave to Proceed as an FLSA Collective Action

The FLSA permits employees to maintain an action "for and in behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). The named plaintiffs must be "similarly situated" to the proposed members of the class, and proposed class members must "opt in" and consent in writing to being a party to the action. *Id.; see Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

■ Here, the proposed class members are similarly situated, for they are all asbestos workers who were purportedly subjected to a common scheme to deprive them of overtime compensation. Moreover, some 106 employees of defendants have submitted "opt-in" forms. Although there may be some differences in the calculation of damages (should plaintiffs prevail), those differences are not sufficient to preclude joining the claims in one action. Accordingly, plaintiffs' request for authorization to prosecute their FLSA claims collectively pursuant to 29 U.S.C. § 216(b) is granted.

### 2. The Request for Disclosure of Names and Addresses

Defendants object to plaintiffs' request for disclosure of the names and addresses of employees who worked for defendants from May 1991 through May 1997. Defendants contend that plaintiffs' request for the information comes too late. Given defendants' failure in this case to respond to plaintiffs' discovery requests on a timely basis, defendants' objections are without merit and they are overruled.

### 3. The Request to Send Notice

Defendants' objections to the sending of a notice and opt-in form to prospective members of the collective action are overruled. Plaintiffs are hereby granted leave to send a notice and opt-in form to prospective members of the FLSA class.

### 4. The Request for Certification of a NYMWA Class

With respect to their claims under the NYMWA, plaintiffs seek class certification under Fed.R.Civ.P. 23(a) and (b)(3). Defendants oppose the request on two grounds. First, they note that under New York law, class actions may not be brought for penalties, citing C.P.L.R. 901(b). Second, they contend that it would be an abuse of discretion for the Court to exercise supplemental jurisdiction over the NYMWA claims. Both contentions are rejected.

■ First, C.P.L.R. 901(b) does not preclude plaintiffs from pursuing their claims under the NYMWA on a class basis. Plaintiffs contend they may seek liquidated damages on a class basis because they are seeking class certification under Fed.R.Civ.P. 23, which does not preclude a class action for punitive damages, rather than under C.P.L.R. 901(b). I do not reach the issue now, for even if plaintiffs cannot seek liquidated damages on a class basis, they may waive that right and still proceed on a class basis with respect to their remaining claims, as long as prospective class members have the right to opt-out of the class action to preserve their claims for liquidated damages. *See Pesantez v. Boyle Envtl. Servs., Inc.*, 673 N.Y.S.2d 659, 1998 WL 289416, at *1 (N.Y.App. Div. 1st Dep't 1998); *Super Glue Corp. v. Avis Rent A Car System, Inc.*, 132 A.D.2d 604, 517 N.Y.S.2d 764, 767 (1987).

■ Second, the creation of two classes in this case is not an impediment to the exercise of supplemental jurisdiction over the NYM-

---

1. Plaintiffs had initially moved also for leave to withdraw Jadwiga Rzeczycka as a named plaintiff, but that request has been withdrawn.

WA claims. Although different time periods are involved because of the different statutes of limitations applicable to the FLSA and NYMWA claims, there is substantial overlap. Moreover, the claims are essentially the same: The members of both classes performed the same type of work for the same related employers and were deprived of overtime compensation purportedly as the result of the same alleged scheme. There is no reason why the claims should be separately litigated in two different courts.

■ I conclude that the four requirements for class certification have been met. The potential class will consist of between 190 and 500 members. There exist common questions of law and fact. The claims of the named plaintiffs are typical of the claims of the proposed class. The named plaintiffs and their counsel will fairly and adequately represent the interests of the proposed class.

In addition, I find that the common questions of law and fact predominate over any questions affecting only individual members and that a class action is superior to other methods for the fair and efficient adjudication of the claims in question.

Accordingly, the request for class certification of the NYMWA claims is granted.

### 5. *The Request for Leave to Add Two Plaintiffs*

Plaintiffs' request for leave to add two named plaintiffs, Stanislaw Zacharski and Wilhelm Wandzel, is granted.

### *CONCLUSION*

Plaintiffs' motion is granted in all respects. It is hereby ORDERED as follows:

1. Plaintiffs are granted leave to prosecute this action as a collective action pursuant to 29 U.S.C. § 216(b) with respect to their FLSA claims;

2. Defendants shall furnish to plaintiffs' counsel within twenty days hereof the names and last known addresses of all individuals employed by defendants as asbestos workers from May 1991 through May 1997;

3. Plaintiffs are authorized to send a notice and "opt-in" form to all prospective members of the collective FLSA action;

4. Plaintiffs may prosecute their claims under the NYMWA as class claims pursuant to Fed.R.Civ.P. 23(a) and (b)(3);

5. Plaintiffs are granted leave to add Stanislaw Zacharski and Wilhelm Wandzel as named plaintiffs in this action; and

6. The parties shall appear for a pretrial conference on March 19, 1999 at 10:30 a.m. in Courtroom 11A at 500 Pearl Street.

SO ORDERED.