■ STEVEN LIECHTUNG, on Behalf of Himself and All Others Similarly Situated, Respondent, v TOWER AIR, INC., Appellant. [702 NYS2d 111] —In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Dunne, J.), entered December 9, 1998, which granted the plaintiff's motion for class action certification pursuant to CPLR 901 and 902.

Ordered that the order is affirmed, with costs.

The plaintiff purchased a ticket from Tower Air to fly non-stop from New York's Kennedy Airport to Tel Aviv. After he had boarded the plane, the flight crew announced that the plane would make an unscheduled stop in Paris for refueling purposes. Allegedly, during the stop the passengers on the plane were not permitted to deplane, and remained on the plane for at least two hours. The plaintiff commenced this action on behalf of himself and all other passengers who had purchased tickets for Tower Air flights traveling to or from New York and Tel Aviv since June 1994, the time when that airline began to promote and sell non-stop tickets for flights which were intended to proceed directly to their destination.

The determination to grant class action certification is one resting in the sound discretion of the trial court (*see,* CPLR 901 [a]; *Lauer v New York Tel. Co.,* 231 AD2d 126, 130). Generally, CPLR article 9 is to be liberally construed and any error should be resolved in favor of allowing the class action (*see, Lauer v New York Tel. Co., supra,* at 130; *Pruitt v Rockefeller Ctr. Props.,* 167 AD2d 14, 21; *Friar v Vanguard Holding Corp.,* 78 AD2d 83). In the present case, the Supreme Court properly concluded that the plaintiff satisfied all of the requisite criteria detailed in CPLR 901 (a). Common questions of law and fact with respect to the issue of Tower Air's liability in making the representation of non-stop service are substantial and predominate over any questions affecting only individual members of the class (*see, Friar v Vanguard Holding Corp., supra,* at 96-100). Furthermore, contrary to Tower Air's contention, the plaintiff provided sufficient information to show that he and his counsel could adequately protect the interests of the class (*see, Pruitt v Rockefeller Ctr. Props., supra,* at 25).

Tower Air's remaining contentions are either raised for the first time on appeal or are without merit. Santucci, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.