■ PRO NET, LLC, Appellant, v ACC TELECOM CORP., Respondent. [741 NYS2d 795] —Appeal from an order of Supreme Court, Monroe County (Stander, J.), entered April 25, 2001, which, inter alia, granted defendant's cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion and reinstating the amended complaint and as modified the order is affirmed without costs.

Memorandum: In December 1998 the parties entered into an agreement wherein defendant agreed to arrange for the installation of 11 telecommunication service facilities (T-1 facilities) for use in plaintiff's business of providing Internet service. The T-1 facilities were delivered to plaintiff in June 1999. Plaintiff

commenced this action alleging that defendant failed to deliver the T-1 facilities within a commercially reasonable period and seeking damages for lost profits, lost business and expenses incurred in obtaining alternative facilities during the period of defendant's alleged delay.

Supreme Court properly denied plaintiff's motion for partial summary judgment dismissing the second affirmative defense, which is based upon defendant's tariffs filed with the Public Service Commission. The filed tariffs are part of the agreement between the parties (*see Lauer v New York Tel. Co.*, 231 AD2d 126, 129), and plaintiff failed to establish as a matter of law that the affirmative defense has no merit (*see* CPLR 3212 [b]). The court erred, however, in granting defendant's cross motion for summary judgment dismissing the amended complaint based upon the provision in the agreement limiting defendant's liability for interruption or failure of any service furnished pursuant to the agreement. "Limitations on a party's liability will not be implied and to be enforceable must be clearly, explicitly and unambiguously expressed" (*Terminal Cent. v Modell & Co.*, 212 AD2d 213, 218). The provision limiting defendant's liability for interruption or failure of service does not unambiguously apply to the alleged failure in the first instance to deliver the T-1 facilities within a commercially reasonable period (*see generally Graphic Scanning Corp. v Citibank*, 116 AD2d 22, 24-25; *Krasner v New York State Elec. & Gas Corp.*, 90 AD2d 921, 922). We therefore modify the order by denying the cross motion and reinstating the amended complaint. Present—Green, J.P., Wisner, Hurlbutt, Scudder and Lawton, JJ.