■ ANDREA JACOBS et al., Respondents-Appellants, v MACY'S EAST, INC., et al., Appellants-Respondents. [792 NYS2d 574]—

In an action pursuant to Labor Law § 193 to recover wages wrongly withheld, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated July 28, 2003, as granted that branch of the plaintiffs' motion which was for class certification pursuant to CPLR article 9, and (2) from an order of the same court dated October 3, 2003, which denied their motion, denominated as one for leave to renew, reargue, and decertify the class, but which was, in actuality, one for leave to reargue that branch of the plaintiffs' prior motion which was for class action certification, and the plaintiffs cross-appeal from so much of the order dated July 28, 2003, as denied that branch of their motion which was to impose a sanction upon the defendants pursuant to CPLR 3126.

Ordered that the appeal from the order dated October 3, 2003, is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated July 28, 2003, is modified, on the law, the facts, and as a matter of discretion, by deleting the provision thereof denying that branch of the plaintiffs' motion which was to impose a sanction pursuant to CPLR 3126, and substituting therefor provisions granting that branch of the motion to the extent of imposing a monetary sanction upon the defendants in the amount of $5,000, payable to counsel for the plaintiffs, and otherwise denying that branch of the motion; as so modified, the order dated July 28, 2003, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

CPLR article 9 authorizes class action suits, and sets forth the criteria to be considered in granting class action certification, which are to be liberally construed (*see Kidd v Delta Funding Corp.,* 289 AD2d 203 [2001]; *Liechtung v Tower Air,* 269 AD2d 363 [2000]; *Lauer v New York Tel. Co.,* 231 AD2d 126, 130 [1997]; *Friar v Vanguard Holding Corp.,* 78 AD2d 83, 91 [1980]). The determination to certify a class action rests in the sound discretion of the trial court (*see Tosner v Town of Hempstead,* 12 AD3d 589, 590 [2004]; *Liechtung v Tower Air, supra* at 364; *Lauer v New York Tel. Co., supra* at 130). Contrary to the defendants' contention, the Supreme Court

providently determined that the statutory criteria set forth in CPLR 901 were satisfied, and that class action certification was warranted (*see Tosner v Town of Hempstead, supra*; *Kidd v Delta Funding Corp., supra*; *Branch v Crabtree*, 197 AD2d 557 [1993]; *Dagnoli v Spring Val. Mobile Vil.*, 165 AD2d 859, 860 [1990]; *Friar v Vanguard Holding Corp., supra*).

Certain of the defendants' remaining contentions concerning the propriety of class action certification either were not properly raised before the Supreme Court (*see Tosner v Town of Hempstead, supra* at 590), were improperly raised for the first time in connection with the defendants' motion for leave to reargue (*see Rochester v Quincy Mut. Fire Ins. Co.*, 10 AD3d 417, 418, 419 [2004]), were previously raised and decided against them by this Court, or could have been raised on a prior appeal, but were not (*see Jacobs v Macy's E.*, 262 AD2d 607 [1999]). Those contentions are thus barred from reconsideration by the doctrine of law of the case (*see Palumbo v Palumbo*, 10 AD3d 680, 682 [2004], *lv dismissed* 3 NY3d 765 [2004]; *Wendy v Spector*, 305 AD2d 403 [2003], *lv denied* 3 NY3d 611 [2004]; *MJD Constr. v Woodstock Lawn & Home Maintenance*, 299 AD2d 459, 460 [2002]). In any event, the defendants' contentions in connection with those issues are without merit.

The defendants' contention that CPLR 901 (b) bars certification of a class in this case is also without merit (*see Pesantez v Boyle Envtl. Servs.*, 251 AD2d 11, 12 [1998]; *Ridge Meadows Homeowners' Assn. v Tara Dev. Co.*, 242 AD2d 947 [1997]; *Super Glue Corp. v Avis Rent A Car Sys.*, 132 AD2d 604, 606 [1987]; *Weinberg v Hertz Corp.*, 116 AD2d 1, 4 [1986], *affd* 69 NY2d 979 [1987]; *see also Noble v 93 Univ. Place Corp.*, 224 FRD 330, 341 [2004]; *Ansoumana v Gristede's Operating Corp.*, 201 FRD 81, 95 [2001]; *Brzychnalski v Unesco, Inc.*, 35 F Supp 2d 351, 353 [1999]; *Cox v Microsoft Corp.*, 8 AD3d 39, 40 [2004]).

The Supreme Court providently denied that branch of the plaintiffs' motion which was to strike the defendants' answer as a sanction for failure to make disclosure (*see Gwyn v 575 Fifth Ave. Assoc.*, 12 AD3d 403 [2004]; *Mohammed v 919 Park Place Owners Corp.*, 245 AD2d 351, 352 [1997]). Nonetheless, in light of the defendants' misleading representations concerning the existence of critical computer tapes and paper files necessary to support that branch of the plaintiffs' motion which was for class action certification, the defendants' delay in producing them in a readable form, and the necessity of motion practice ultimately to compel their production, a monetary sanction in the amount of $5,000, was warranted (*see Riley v ISS Intl. Serv. Sys.*, 304 AD2d 637, 637-638 [2003]; *Smith v New York Tel. Co.*, 235 AD2d

529, 530 [1997]; *Barbiere v Motamed,* 209 AD2d 368 [1994]). Cozier, J.P., S. Miller, Spolzino and Skelos, JJ., concur.