■ WARREN S. DANK, Appellant, v SEARS HOLDING MANAGEMENT CORPORATION et al., Respondents. [872 NYS2d 722]—

In an action to recover damages for violation of General Business Law §§ 349 and 350 and fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered May 19, 2008, which denied his motion for class action certification pursuant to CPLR article 9.

Ordered that the order is affirmed, with costs.

CPLR article 9 authorizes class action suits, and sets forth the criteria to be considered in granting class action certification, which are to be liberally construed (*see Kidd v Delta Funding Corp.*, 289 AD2d 203 [2001]; *Liechtung v Tower Air*, 269 AD2d 363 [2000]; *Lauer v New York Tel. Co.*, 231 AD2d 126, 130 [1997]; *Friar v Vanguard Holding Corp.*, 78 AD2d 83, 91 [1980]). The determination to certify a class action rests in the sound discretion of the trial court (*see Tosner v Town of Hempstead*, 12 AD3d 589 [2004]; *Liechtung v Tower Air*, 269 AD2d at 364; *Lauer v New York Tel. Co.*, 231 AD2d at 130). Contrary to the plaintiff's contentions, the Supreme Court properly denied his motion for class action certification. The plaintiff failed to establish the number of potential class members and thus that the class is so numerous that joinder of all members is impracticable (*see* CPLR 901 [a] [1]; *Friar v Vanguard Holding Corp.*, 78 AD2d 83 [1980]). The plaintiff also failed to establish that he will fairly and adequately protect the interests of the class (*see* CPLR 901 [a] [4]; *Friar v Vanguard Holding Corp.*, 78 AD2d 83 [1980]). As both the class representative and class counsel, he has an inherent conflict of interest (*see Tanzer v Turbodyne Corp.*, 68 AD2d 614, 620 [1979]). Moreover, he failed to show that he has either the financial resources or the professional qualifications to undertake a class action (*see Pruitt v Rockefeller Ctr. Props.*, 167 AD2d 14, 24 [1991]). Spolzino, J.P., Covello, Balkin and Belen, JJ., concur.