■ ROBERT V. NICHOLSON et al., Appellants, v KEYSPAN CORP. et al., Respondents, et al., Defendants. [885 NYS2d 106]—

In an action, inter alia, to recover damages for injury to real property, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Sgroi, J.), dated September 28, 2007, as denied their motion for class action certification pursuant to CPLR article 9, and (2) from an order of the same court dated October 22, 2007, which denied their cross motion, in effect, for summary judgment on the cause of action sounding in strict liability.

Ordered that the order dated September 28, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 22, 2007 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

CPLR article 9 authorizes class actions, and sets forth the criteria to be considered in granting class action certification, which are to be liberally construed (*see Dank v Sears Holding Mgt. Corp.,* 59 AD3d 584 [2009]; *Kidd v Delta Funding Corp.,* 289 AD2d 203 [2001]; *Liechtung v Tower Air,* 269 AD2d 363, 364 [2000]; *Friar v Vanguard Holding Corp.,* 78 AD2d 83, 91 [1980]). The determination to certify a class action rests in the sound discretion of the Supreme Court (*see Dank v Sears Holding Mgt. Corp.,* 59 AD3d at 584; *Kidd v Delta Funding Corp.,* 289 AD2d at 203).

Contrary to the plaintiffs' contentions, the Supreme Court properly denied their motion for class action certification. The

plaintiffs failed to establish that the class is so numerous that joinder of all members is impracticable (*see* CPLR 901 [a] [1]; *Feder v Staten Is. Hosp.*, 304 AD2d 470, 471 [2003]; *Simon v Cunard Line*, 75 AD2d 283, 289 [1980]; *Dupack v Nationwide Leisure Corp.*, 70 AD2d 568, 569 [1979]). The plaintiffs also failed to establish that questions of law or fact common to the class predominate over any question affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy (*see* CPLR 901 [a] [2], [5]; *Aprea v Hazeltine Corp.*, 247 AD2d 564, 565 [1998]; *Robertson v Smalis Painting Co.*, 134 AD2d 881 [1987]; *Evans v City of Johnstown*, 97 AD2d 1, 3 [1983]; *Wojciechowski v Republic Steel Corp.*, 67 AD2d 830, 830-831 [1979]).

Additionally, the Supreme Court properly denied the plaintiffs' cross motion, in effect, for summary judgment on their cause of action sounding in strict liability. Certain activities, due to their abnormally dangerous nature, give rise to strict liability (*see Doundoulakis v Town of Hempstead*, 42 NY2d 440, 448 [1977]; *Searle v Suburban Propane Div. of Quantum Chem. Corp.*, 263 AD2d 335, 339 [2000]; *Mikula v Duliba*, 94 AD2d 503, 507 [1983]). Here, however, the plaintiffs did not establish their prima facie entitlement to judgment as a matter of law on their cause of action sounding in strict liability because they failed to proffer evidence that any of the defendants had engaged in an abnormally dangerous activity (*see DeFoe Corp. v Semi-Alloys, Inc.*, 156 AD2d 634, 635-636 [1989]). In light of this determination, we need not examine the sufficiency of the opposition papers submitted by the defendants KeySpan Corp., KeySpan Energy Corp., KeySpan Gas East Corp., and Marketspan Corp., doing business as KeySpan Energy (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiffs' remaining contention is improperly raised for the first time on appeal. Spolzino, J.P., Angiolillo, Chambers and Lott, JJ., concur. [*See* 2007 NY Slip Op 32422(U).]