▪ BARBARA SMILEWICZ, on Behalf of Herself and All Others Similarly Situated, Appellant, v SEARS ROEBUCK AND Co., Respondent. [917 NYS2d 904]—

CPLR article 9, which authorizes class actions and sets forth the criteria to be considered in granting class action certification, is to be liberally construed (*see Dank v Sears Holding Mgt. Corp.*, 59 AD3d 584 [2009]; *Kidd v Delta Funding Corp.*, 289 AD2d 203 [2001]; *Liechtung v Tower Air*, 269 AD2d 363 [2000]; *Friar v Vanguard Holding Corp.*, 78 AD2d 83, 91 [1980]). "The determination to grant class action certification rests in the sound discretion of the Supreme Court, 'and any error should be resolved in favor of allowing the class action' " (*Kidd v Delta Funding Corp.*, 289 AD2d at 203, quoting *Liechtung v Tower Air*, 269 AD2d at 364).

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying her motion to certify a class action. The plaintiff failed to sustain her burden of demonstrating that questions of law or fact common to the class predominate over any question affecting only individual members (*see* CPLR 901 [a] [2]; *Morrissey v Nextel Partners, Inc.*, 72 AD3d 209, 212-215 [2010]; *CLC/CFI Liquidating Trust v Bloomingdale's, Inc.*, 50 AD3d 446 [2008]; *Solomon v Bell Atl. Corp.*, 9 AD3d 49, 54 [2004]), and that her claims were typical of those of the class (*see* CPLR 901 [a] [3]; *Hazelhurst v Brita Prods. Co.*, 295 AD2d 240, 242-243 [2002]; *Zehnder v Ginsburg*

& *Ginsburg Architects,* 254 AD2d 284 [1998]; *Ross v Amrep Corp.,* 57 AD2d 99, 101-102 [1977]). Skelos, J.P., Eng, Belen and Lott, JJ., concur.