■ KARLA SAMMUT et al., Respondents, v LORRAINE PILITZ et al., Appellants. [939 NYS2d 716]—

In an action to recover damages based on deceptive trade practices in violation of General Business Law § 349, the defendants appeal (1) from an order of the Supreme Court, Nassau County (Adams, J.), entered September 16, 2010, and (2), as limited by their brief, from so much of an amended order of the same court entered May 26, 2011, as granted that branch of the plaintiffs' motion which was for class certification pursuant to CPLR article 9.

Ordered that the appeal from the order entered September 16, 2010, is dismissed, as that order was superseded by so much of the amended order entered May 26, 2011, as granted that branch of the plaintiffs' motion which was for class certification pursuant to CPLR article 9, and it is further,

Ordered that the amended order entered May 26, 2011, is reversed insofar as appealed from, on the law, the order entered September 16, 2010, is vacated, and that branch of the plaintiffs' motion which was for class certification pursuant to CPLR article 9 is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In order to determine whether or not the defendants engaged in deceptive trade practices in violation of General Business Law § 349 with respect to the storage and repair of numerous towed vehicles, the court will have to decide issues which must be resolved on an individual basis. Common questions of law and fact do not predominate, and a class action is not the superior method of adjudicating these claims (*see* CPLR 901 [a]; *Osarczuk v Associated Univs., Inc.*, 82 AD3d 853, 855 [2011]; *Smilewicz v Sears Roebuck & Co.*, 82 AD3d 744 [2011]). Accordingly, the Supreme Court should have denied that branch of the plaintiffs' motion which was for class certification. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.