■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN WATTS, Appellant.— Judgment of the Supreme Court, Kings County, rendered August 18, 1966, affirmed. Although a *Huntley* hearing was requested and held, no proof was submitted on the issue of the voluntariness of the alleged oral statement; nor was such proof elicited on the trial. In fact it was always defendant's contention that he had never made the oral statement attributed to him by the police officer. Thus, *People* v. *Mials* (27 A D 2d 944) and *People* v. *Rensing* (27 A D 2d 838, affd. 20 N Y 2d 936) are clearly distinguishable. Beldock, P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.

■ GEORGE WEINSTEIN, Appellant, v. KIAMESHA CONCORD, INC., Respondent.— Appeal by plaintiff from an order of the Supreme Court, Queens County, dated August 30, 1967, which denied his motion to renew and rehear, on additional facts, a prior motion granting defendant's application to change the place of trial of this action from Queens County to Sullivan County on the ground of convenience of witnesses. Order reversed, with $10 costs and disbursements; plaintiff's application for renewal granted; order of this court dated July 10, 1967 vacated; and, upon the additional facts, defendant's motion to change the place of trial denied. On March 21, 1966 Special Term denied defendant's motion to change the venue from Queens County to Sullivan County on the ground of convenience of witnesses. On July 10, 1967 this court reversed the order and granted defendant's motion because plaintiff's opposing affidavits did not state the names and addresses of his prospective witnesses or the substance of their testimony (*Weinstein* v. *Kiamesha Concord*, 28 A D 2d 925). About July 18, 1967 plaintiff moved at Special Term, Queens County, for leave to renew and rehear the motion for change of venue on new facts and supporting affidavits which remedied the deficiency in his opposing affidavits on defendant's prior application. Plaintiff's motion was denied by the order now under review. CPLR 2221 provides that a motion for leave to renew a prior motion shall be made " to the judge who signed the order". In this case the order granting defendant's motion for change of venue was made, not by Special Term, but by this court. Assuming that plaintiff should have applied to this court for leave to renew his motion before the Special Term, the interests of justice require that circuitry of action be avoided and that plaintiff's application for permission to renew be deemed to have been made to this court. That application should be granted and, on such renewal, based on the additional facts set forth in plaintiff's supporting affidavits, defendant's motion for change of venue should be denied. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SANDY REINER, Appellant.— Motion by respondent to dismiss appeal from so much of an order of the County Court, Westchester County, as denied defendant's motion to vacate a wiretap order and to enjoin the People from using the fruits of the wiretap order. Motion granted; appeal dismissed. A wiretap order is "a proper subject of judicial review in the same manner and to the limited extent permitted with respect to a warrant for search and seizure" (*People* v *Cohen*, 24 A D 2d 900, affd. 18 N Y 2d 650). Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.