Ann F. Cannon et al., Respondents, v Equitable Life Assurance Society of the United States, Appellant.

Second Department, June 28, 1982

APPEARANCES OF COUNSEL

*Kaye, Scholer, Fierman, Hays & Handler* and *Werner Weinstock* (*Pepper, Hamilton & Scheetz* [*Fred A. Freund*] of counsel), for appellant (one brief).

*Hockert & Flamm* (*Leonard N. Flamm* of counsel) and *Braunstein, Jacobson, Freeman & Viscomi* for respondents (one brief).

BRACKEN, J.

In an action to recover damages resulting from defendant's alleged age discrimination practices and for other affirmative relief, we are asked to consider whether Federal age discrimination actions supersede and supplant the right of a private individual to maintain such action for age discrimination in the State courts and, if not, whether in this particular instance the certification of this matter as a class action should be sustained.

We hold that the appeal from the order dated January 13, 1981, which certified the action as a class action, should be dismissed, since that order was superseded by a further order, dated February 24, 1981, which granted reargument and adhered to the original determination. The order dated February 13, 1981 denying defendant's motion to dismiss or stay the within action pursuant to the provisions of section 633 (subd [a]) of title 29 of the United States Code or pursuant to CPLR 2201 should be affirmed. Since, however, we herein determine that the within action cannot be maintained as a class action, the order dated February 24, 1981 should be reversed insofar as appealed from, the application for class action certification denied, the action decertified as a class action, and the complaint amended to eliminate all allegations as to the representation of absent persons.

The defendant, Equitable Life Assurance Society of the United States (Equitable), commenced a substantial staff reduction in the third quarter of 1978. On September 10, 1979, three individual plaintiffs commenced this action, which alleged the unlawful discharge of said plaintiffs based upon the defendant's willful program of age discrimination in violation of section 296 (subd 1, par [a]) of the Executive Law (Human Rights Law [Executive Law, art 15]). Three days prior to the commencement of this action, six other terminated employees filed a class action in the Federal District Court for the Southern District of New York, alleging that Equitable's policy of age discrimination violated the Age Discrimination in Employment Act (hereinafter ADEA) (see US Code, tit 29, § 623, subd [a];

*Burns v Equitable Life Assur. Soc. of U. S.,* 79 Civ 4726, US Dist Ct, SDNY, LASKER, J.).

On November 19, 1979 the plaintiffs filed a motion in this action for class certification on behalf of the class of employees "over the age of forty (40) but less than seventy (70)" terminated or downgraded through the defendant's alleged willful program of age discrimination. Special Term, by order dated January 13, 1981, certified the plaintiffs' action as a class action, defined the class, *inter alia,* as all of those employees over the age of 40 but less than 70 who had been terminated or demoted from August, 1978 to January, 1981, who had not and would not file consents in the pending Federal action (the *Burns* action) and who did not request exclusion from the class within 20 days after receipt of notice of pendency of this class action. Approximately 700 employees had been terminated or demoted, of which approximately 575 had not filed consents in the *Burns* class action, which comprises 133 persons. Special Term, in its decision, noted that "[t]he discretion of this court persists under CPLR 902 to alter or amend our order or deny class action treatment if at any stage of the action it develops that the class is too unwieldy or small * * * or that the principal issue is not appropriate for adjudication in a class action" (*Cannon v Equitable Life Assur. Soc. of U. S.,* 106 Misc 2d 1060, 1072). A decision-order in the Federal *Burns* action, dated January 27, 1982, which denied defendant's motion to dismiss the complaint in said action, indicated that more than 500 employees were terminated, of which approximately 360 persons were over 40 years of age (*Burns v Equitable Life Assur. Soc. of U. S., supra*).

Equitable thereafter sought to dismiss or stay this certified class action during the pendency of the Federal class action, relying upon section 633 (subd [a]) of title 29 of the United States Code, which provides that upon commencement of an action under the ADEA, such action shall supersede any State action, and upon CPLR 2201. Special Term denied the requested relief by order dated February 13, 1981.

Prior to September 10, 1981, the calendar date of argument before this court, the Equal Employment Opportu-

nity Commission (EEOC) filed a civil action in the United States District Court for the Southern District of New York, pursuant to section 626 (subd [b]) of title 29 of the United States Code (*Equal Employment Opportunity Comm. v Equitable Life Assur. Soc. of U.S.*, 81 Civ 5447). The EEOC action sought liquidated damages (double damages) pursuant to section 216 (subd [b]) of title 29 of the United States Code, for 434 terminated employees and, in addition, sought the elimination of defendant's past and present unlawful employment practices, a direction for the rehiring and promoting of employees who had been the victims of discrimination and the restoring of all such employees' rights and privileges of employment. This latter relief is also sought on behalf of all similarly terminated or demoted employees not so named in the said action. By stipulation, 18 of the 434 persons included in exhibit A to the EEOC complaint were deleted. These 18 individuals are opt-in plaintiffs in the Federal *Burns* action. The parties, in the course of oral argument before this court, addressed the issue of the impact of the filing of the EEOC Federal District Court action during the pendency of this appeal.[1]

Initially, it is emphasized that an age discrimination suit may not be brought in the Federal courts as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The relevant statutory provisions (US Code, tit 29, § 626, subd [b]; § 216, subd [b]), which allow as class members in a class action suit under the ADEA only those persons who affirmatively "opt into" the class, are inconsistent with rule 23, which provides that persons within the description of the class are considered to be class members unless they have "opted out" of the suit.

A class action brought pursuant to the ADEA, therefore, is statutory in nature and is independent of and unrelated to a class action brought under rule 23 (*McGinley v Burroughs Corp.*, 407 F Supp 903).

---

1. This court, in the determination of this appeal, has not considered the contents of the correspondence and attachments thereto, submitted by each of the parties after submission of the supplemental briefs, except the complaint in the EEOC action, the stipulation deleting 18 persons from exhibit A to the complaint in the EEOC action, and the decision-order dated January 27, 1982 in the *Burns* action.

It is further emphasized that New York State has no comparable statutory provisions allowing the maintaining of a statutory class action for alleged violations of the New York Human Rights Law. The only procedural vehicle, therefore, allowing a class action in New York is CPLR article 9, which provides for an opt-out procedure.

Equitable asserts that an analysis of the legislation granting the EEOC the jurisdiction to maintain an age discrimination suit demonstrates that such action is an exclusive remedy barring any private individual or class action for the same or similar relief. We note that the EEOC may seek class-wide relief for a group of aggrieved individuals in an enforcement action brought in its own name pursuant to Title VII of the Civil Rights Act of 1964, without being certified as the class representative under rule 23 (*General Tel. Co. of Northwest v Equal Employment Opportunity Comm.*, 446 US 318). A similar conclusion should be reached with respect to EEOC actions commenced pursuant to the ADEA (see *Oscar Mayer & Co. v Evans,* 441 US 750, which compared the provisions of the ADEA with Title VII of the Civil Rights Act of 1964).

With respect to enforcement procedures, the ADEA incorporated the Fair Labor Standards Act (FLSA) (US Code, tit 29, § 216), although the ADEA adopted the substantive prohibitions in identical terminology as contained in the Civil Rights Act of 1964 (US Code, tit 42, § 2000e *et seq.*). Redress for violations of the ADEA may be obtained in accordance with the remedies and procedures as set forth in section 216 of title 29 of the United States Code with respect to civil actions, which actions may be maintained by aggrieved persons pursuant to section 626 (subds [b], [c]) of title 29.

Federal statutory authority, as well as Federal decisional authority, permits commencement of actions by an aggrieved person prior to the filing of a civil action in a Federal court by the EEOC. Section 626 of title 29 of the United States Code (the ADEA) provides, in part: "Civil actions; persons aggrieved; jurisdiction; judicial relief; termination of individual action upon commencement of action by Secretary; jury trial. (c) (1) Any person aggrieved may bring a civil action in any court of competent jurisdic-

tion for such legal or equitable relief as will effectuate the purposes of this chapter. *Provided,* That the right of any person *to bring such action* shall terminate upon the commencement of an action by the Secretary[2] to enforce the right of such employee under this chapter." (Emphasis supplied.) Section 216 (subd [c]) of title 29 (the FLSA) provides, in part: "The right provided by subsection (b) of this section to bring an action by or on behalf of any employee *to recover the liability specified in the first sentence of such subsection and of any employee to become a party plaintiff to any such action shall terminate upon the filing of a complaint by the Secretary in an action under this subsection*".

Since section 626 (subd [c], par [1]) terminates only the right of an individual employee to commence an action based upon age discrimination once there has been a filing by the EEOC to enforce the right of such employee under the ADEA, an individual plaintiff is not precluded from continuing an age discrimination action which was commenced prior to the filing of such related action by the EEOC (*Shepard v National Broadcasting Co.,* 79 Civ 3877, US Dist Ct, SDNY, March 19, 1980, PIERCE, J.; *Burns v Equitable Life Assur. Soc. of U. S.,* 79 Civ 4726, US Dist Ct, SDNY, Jan. 27, 1982, LASKER, J., *supra*).

The foregoing analysis finds support in the following discussion of the remedies included under the provisions of the ADEA:

"Pursuant to * * * U.S.C. § 626(b), violations of the ADEA generally are to be treated as violations of the FLSA. 'Amounts owing * * * as a result of a violation' of the ADEA are to be treated as 'unpaid minimum wages or unpaid overtime compensation' under the FLSA and the rights created by the ADEA are to be 'enforced in accordance with the powers, remedies and procedures' of specified sections of the FLSA. 29 U.S.C. § 626(b).

"Following the model of the FLSA, the ADEA establishes two primary enforcement mechanisms. Under the FLSA provisions incorporated in * * * the ADEA, 29

**2.** Section 2 of 1978 Reorg. Plan No. 1 of February 23, 1978 (43 Fed Reg 19807), provided for transfer of all functions vested in the Secretary of Labor or in the Civil Service Commission to the EEOC.

U.S.C. § 626(b), the Secretary of Labor may bring suit on behalf of an aggrieved individual for injunctive and monetary relief. 29 U.S.C. §§ 216(c), 217 * * * The incorporated FLSA provisions together with * * * the ADEA, 29 U.S.C. § 626(c), in addition, authorize private civil actions for 'such legal or equitable relief as will effectuate the purposes of' the ADEA. Although not required by the FLSA, prior to the initiation of any ADEA action, an individual must give notice to the Secretary of Labor of his intention to sue in order that the Secretary can attempt to eliminate the alleged unlawful practice through informal methods * * * 29 U.S.C. § 626(d). After allowing the Secretary 60 days to conciliate the alleged unlawful practice, the individual may file suit. The right of the individual to sue on his own terminates, however, if the Secretary commences an action on his behalf * * * 29 U.S.C. § 626(c)." *(Lorillard v Pons, 434 US 575, 578-580.)*

With this discussion in mind, we are asked to consider whether the filing of a civil action by the EEOC effectively terminated, pre-empted, superseded or otherwise affected the certified class action in this instance. In this regard section 633 (subd [a]) of title 29 clearly provides that upon commencement of an action by the EEOC under the ADEA, "such action shall supersede any State action." There is no question that this provision clearly results in the supersedure of any State action by a State agency, but defendant also asserts that the provision results in the supersedure of a private class action such as the one under consideration. We determine that these supersedure provisions are designed to prevent duplicative efforts on the part of governmental agencies; that the intent of the legislation considered as a whole is designed to supplement actions by private individuals to redress their grievances; and that such provisions with respect to supersedure are not designed to supplant the rights of such private individuals in continuing an action commenced prior to EEOC intervention. We hold, therefore, that section 633 (subd [a]) is limited in application to governmental agencies which are involved in performing like functions with regard to discriminatory employment practices on account of age and has no pre-emptive or supersedural effect on pending indi-

vidual or class actions involving such discrimination. Accordingly, this action may be maintained.

We must now consider whether this action may be continued in its present posture as a class action pursuant to the provisions of CPLR article 9. The order which certified this class action defined the class as, *inter alia,* terminated or demoted employees who had not previously opted into, and thereafter would not opt into, the *Burns* Federal class action; had not or thereafter would not commence individual civil suits or join any other proposed class action against the defendant arising out of the same transactional situation; had not filed or commenced any other proceeding with either the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other agency having jurisdiction, asserting a claim of age discrimination; and would not request exclusion from the class action by utilizing the statutory opt-out procedures (see CPLR 903; cf. CPLR 907, subd 2).

Exhibit A annexed to the complaint filed in the EEOC action included one of the named plaintiffs in the within action, together with 433 other persons (later amended to a total of 416 persons), on whose behalf the EEOC seeks double damages, i.e., liquidated damages, available only in cases of willful violations (see US Code, tit 29, § 626, subd [b]). As to all other persons affected by defendant's alleged discriminatory age practices who are not specifically named in such class action, the EEOC further seeks all appropriate further relief, except double damages.

Based upon the class certification in this case, at a minimum the 416 persons named in the EEOC Federal action, the six original plaintiffs in the *Burns* action, together with the 127 persons who have filed consents to remain in the *Burns* action, i.e., a total of 549 persons, are deemed excluded by the very terms of such certification. With respect to the remaining persons who would be encompassed by this State class action who are not specifically named in the EEOC complaint, the Federal EEOC action furnishes all relief except exemplary damages. Section 216 (subd [c]) of title 29 of the United States Code allows such aggrieved persons to be added as parties, and

to seek double damages by filing the requisite consents to be included in the said EEOC action.

A prime requisite of a class action is that it be superior to all other available methods for the fair and efficient adjudication of the controversy. The relief that is available pursuant to the EEOC Federal action compels us, therefore, to question the continued certification of this State class action. As this court has previously noted: "[O]ne of the strengths of CPLR article 9 is its flexibility. A decision granting class action status is not immutable and if later events indicate that the decision should be reversed, altered or amended, requisite relief is authorized. The Trial Judge has discretion to * * * decertify the class (CPLR 902) and to make any appropriate order dealing with procedural matters concerning the conduct of the litigation (CPLR 907, subd 6)." (*Friar v Vanguard Holding Corp.*, 78 AD2d 83, 100.)

There is no question that the parties have addressed themselves to the issue of the impact of the commencement of the EEOC Federal action and have thereby charted their course on this appeal so as to permit this court to consider the impact of such action upon the resolution of this issue.

Since we are of the opinion that the EEOC action constitutes the superior method of fairly and efficiently adjudicating this controversy, we determine that the pending State class action, which effectuates the purpose of the ADEA and provides only for an opt-out procedure, does not now fulfill one of the prerequisites for certification (see CPLR 901, subd a, par 5). Such determination in no way affects the right of the named individuals in this action to continue the same as individually named plaintiffs, since in this instance neither of the Federal actions pre-empts such right of redress.

MOLLEN, P. J., DAMIANI and THOMPSON, JJ., concur.

Appeal from an order of the Supreme Court, Queens County, dated January 13, 1981, dismissed, without costs or disbursements. That order was superseded by a further order of the same court, dated February 24, 1981, which, upon granting reargument, adhered to the original determination.

Said order dated February 24, 1981 reversed insofar as appealed from, without costs or disbursements, order dated January 13, 1981 vacated insofar as it certified this action as a class action, the application for such certification is denied, the action is decertified as a class action and the complaint is deemed amended so as to eliminate all allegations concerning the representation of absent persons.

Order of the same court dated February 13, 1981 affirmed, without costs or disbursements.