■ EDWARD SCANNELL et al., Appellants, v MT. SINAI MEDICAL CENTER et al., Respondents. (And a Third-Party Action.) [683 NYS2d 18] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about November 3, 1997, which denied plaintiffs' motion for leave to renew a prior motion to vacate an order of the court dated September 19, 1996, granting defendants' motion for partial summary judgment upon default, dismissing plaintiffs' Labor Law § 240 (1) and § 241 (6) claims, unanimously reversed, on the law and in the exercise of discretion, without costs, the motion to renew granted and upon renewal, the September 19, 1996 order vacated to the extent that it dismissed plaintiffs' Labor Law § 241 (6) claim, said claim is reinstated and the matter remitted to Supreme Court for further proceedings.

The IAS Court improvidently exercised its discretion here in denying the motion to renew where plaintiffs provided additional evidence not previously before the court, offered a reasonable excuse for their failure to include the additional submissions in the original motion, and demonstrated the merit of their action, and there is no claim of prejudice by defendants (*see, American Continental Props. v National Union Fire Ins. Co.*, 200 AD2d 443, 446; *Segall v Heyer*, 161 AD2d 471, 473). The court has broad discretion on a motion to renew and the fact that the additional evidence was available at the time of the original motion is not dispositive (*Framapac Delicatessen v Aetna Cas. & Sur. Co.*, 249 AD2d 36). Here, the additional information addressed an issue raised *sua sponte* by the court in the original decision. In such circumstances, it is error for the court not to consider the additional information (*Matter of Bevona v Superior Maintenance Co.*, 204 AD2d 136, 138).

Plaintiffs demonstrated the merit of their Labor Law § 241 (6) claim by alleging the violation of concrete specifications of the Industrial Code (12 NYCRR parts 4-59; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505). Plaintiff Edward Scannell was injured when he tripped over building materials strewn over the work site. Plaintiffs assert violations of 12 NYCRR 23-1.7 (e) (1) and 23-2.1 (a) (1), which require that building materials on work sites be stored in such manner as not to obstruct passageways or to cause tripping and have been held sufficient to support a section 241 (6) claim (*see, e.g., Sergio v Benjolo N.V.*, 168 AD2d 235; *Herman v St. John's Episcopal Hosp.*, 242 AD2d 316; *Lehner v Dormitory Auth.*, 221 AD2d

958). Plaintiffs, however, did not address the merits of their Labor Law § 240 (1) claim, and hence we do not disturb the summary judgment order insofar as it dismissed that claim. Concur—Nardelli, J. P., Wallach, Rubin and Williams, JJ.