■ RAE GRANATO et al., Respondents, v WALDBAUM's, INC., Appellant. [734 NYS2d 498] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Richmond County (J. Leone, J.), dated November 21, 2000, which granted the plaintiffs' motion for leave to renew, and, upon renewal, denied the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A motion for leave to renew must be based upon new or additional facts which, although in existence at the time of the original motion, were not made known to the party seeking renewal, and therefore, were not made known to the court. However, the requirement that a motion for renewal be based upon newly-discovered evidence is a flexible one, and a court, in its discretion, may grant renewal even where the additional facts were known to the party seeking renewal at the time of the original motion, provided the moving party offers a reasonable justification for the failure to submit the additional facts on the original motion (*see,* CPLR 2221 [e]; *Morrison v Rosenberg,* 278 AD2d 392; *Matter of Shapiro v State of New York,* 259 AD2d 753; *Perla Assocs. v Ginsberg,* 256 AD2d 303; *Oremland v Miller Minutemen Constr. Corp.,* 133 AD2d 816). Here, the Supreme Court providently exercised its discretion in granting leave to renew since the plaintiffs provided a reasonable excuse as to why the additional facts were not submitted on the original motion. Moreover, we agree with the Supreme

Court that the additional facts presented raised an issue of fact as to whether the defendant had constructive notice of the condition that allegedly caused the injured plaintiff to slip and fall, which precludes summary judgment (*see, Gordon v American Museum of Natural History,* 67 NY2d 836). Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.