■ IVAN CARBAJAL, Appellant, v BOBO ROBO, INC., Doing Business as REGENTS, et al., Respondents, et al., Defendants. [750 NYS2d 791] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Mason, J.), dated April 9, 2002, which upon granting the motion of the defendants Bobo Robo, Inc., doing business as Regents, Edward Hardy, Pat Illig, and Michael Ferreri, in effect, for leave to reargue, in effect, vacated a prior order of the same court, dated January 22, 2002, denying their motion to transfer venue of the action from Kings County to New York County, and granted the motion.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the order dated January 22, 2002, is reinstated, and the Clerk of the Supreme Court, New York County, is directed to transfer the file of the action to the Clerk of the Supreme Court, Kings County.

The respondents asserted no new or newly-discovered facts on their motion. Accordingly, the motion is properly denominated a motion for reargument (*see Granato v Waldbaum's Inc.,* 289 AD2d 289).

The Supreme Court improvidently exercised its discretion, by granting reargument, and upon reargument, in effect, vacating its prior order and granting the motion for a change of venue. The respondents failed to make a sufficient showing of entitlement to a change of venue based upon the convenience of witnesses (*see* CPLR 510 [3]; *O'Brien v Vassar Bros. Hosp.,* 207 AD2d 169, 172-173). Furthermore, in light of the respondents' failure to deny that the defendant Michael Ferreri maintained a residence in Kings County, the plaintiff's choice to designate that county as the place for trial was proper (*see* CPLR 503 [a]; CPLR 510 [1]). Accordingly, the order granting reargument must be reversed and the prior order of the Supreme Court dated January 22, 2002, reinstated. Santucci, J.P., Smith, Goldstein, H. Miller and Mastro, JJ., concur.