OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, defendant’s motion granted to the extent it sought renewal, and, upon renewal, defendant’s motion for summary judgment granted and complaint dismissed.
Plaintiff was a passenger in a vehicle operated by defendant which was involved in an accident. At the time of the accident, defendant was a group home counselor employed by the Queensboro Society for the Prevention of Cruelty to Children and the vehicle was owned by Queensboro. Plaintiff was employed by a temporary employment agency known as “Tempositions” and had been assigned to work as a counselor at Queensboro’s Corona Group Home for at least six months prior to the accident. The accident occurred when the plaintiff and defendant were on their way to a picnic with three girls from the group home.
Defendant cross-moved for summary judgment on the ground that workers’ compensation was plaintiff’s exclusive remedy and, therefore, a bar to the instant action (Workers’ Compensation Law § 29 [6]). In support of the cross motion, defendant relied upon plaintiffs deposition testimony and upon the affidavit of Ms. Thrasher, the supervisor of Queensboro’s Corona Group Home. The cross motion was denied, the court finding itself unable to determine whether plaintiff was a special employee as a matter of law based upon the information submitted, and emphasizing that it gave little weight to Ms. Thrasher’s *55 affidavit because, inter alia, it felt that the factual averments therein were insufficient. A deposition of Ms. Thrasher was subsequently held pursuant to a nonparty subpoena. Defendant then moved to renew and reargue the prior motion and submitted the deposition of Ms. Thrasher in support of the motion. The motion was denied, the court finding the motion to reargue to be untimely, and the motion to renew as, in effect, one to reargue, and, in any event, offering no new information which would change its prior determination.
A motion to renew is based upon new facts not offered on the prior motion that could change the prior determination (or on a change in the law that would change the prior determination), and must contain a reasonable justification for the failure to present such facts in the prior motion (see CPLR 2221 [e] [2], [3]). The requirement that a motion for renewal be based upon newly discovered facts is a flexible one, and a court may, in its discretion, grant renewal even upon facts known to the movant at the time of the original motion (see Granato v Waldbaum’s, Inc., 289 AD2d 289 [2001]).
The deposition testimony of Ms. Thrasher, while perhaps not containing new facts, set them forth in a more detailed manner and was unavailable at the time that the original motion was made. Moreover, the deposition testimony was offered to persuade the court to reconsider issues that it had raised sua sponte in its original decision (see Scannell v Mt. Sinai Med. Ctr., 256 AD2d 214 [1998]). Accordingly, the court below, in its discretion, should have considered the newly proffered evidence, and treated the motion as one to renew. Inasmuch as defendant offered a reasonable justification for failing to produce such evidence, the court below erred in denying renewal.
Turning to the merits of the underlying application, while it is true that Tempositions paid plaintiffs salary, the evidence submitted by defendant clearly demonstrated that Queensboro directly supervised and controlled the material aspects of plaintiffs work there. Plaintiff failed to show that Tempositions exercised any direction or control over her work at Queensboro. Although a person’s categorization as a special employee is usually a question of fact, this is not a per se rule. The determination of a worker’s special employment status “may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact” such as “where the undisputed facts establish that the general employer was performing no work for the special employee and *56 did not retain control over the special employee” (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557-558 [1991]). Upon review of the record, we find that plaintiffs status as a special employee of Queensboro was established as a matter of law (see e.g. Niranjan v Airweld, Inc., 302 AD2d 572 [2003]; Carino v Kenmare Remodeling, 292 AD2d 555 [2002]; Lane v Fisher Park Lane Co., 276 AD2d 136 [2000]; Maldonado v Canac Intl., 258 AD2d 415 [1999]; Hanchett v Graphic Techniques, 243 AD2d 942 [1997]). Since receipt of compensation benefits from a general employer precludes an employee from commencing a negligence action against a special employer or coemployee (see Thompson v Grumman Aerospace Corp., supra; see also Martin v Baldwin Union Free School Dist., 271 AD2d 579 [2000]; Gubitosi v National Realty Co., 247 AD2d 512 [1998]), summary judgment should have been granted to defendant on its affirmative defense of workers’ compensation.
Pesce, PJ., Aronin and Patterson, JJ., concur.