■ BEN WILDER, Appellant, v MAY DEPARTMENT STORES COMPANY, Respondent. [804 NYS2d 423]—

In an action pursuant to Labor Law § 193 to recover wages wrongly withheld, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Grays, J.), dated November 21, 2003, which denied his motion, inter alia, for class certification pursuant to CPLR article 9, and (2), as limited by his brief, from so much of an order of the same court dated July 14, 2004, as denied that branch of his motion which was for leave to renew the prior motion and, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order dated November 21, 2003, is dismissed, as it was superseded by so much of the order dated July 14, 2004, as was made upon reargument; and it is further,

Ordered that the order dated July 14, 2004, is reversed insofar as appealed from, on the law, that branch of the motion which was for leave to renew is granted, upon renewal and reargument, that branch of the plaintiff's prior motion which was for class certification pursuant to CPLR article 9 is granted, the order dated November 21, 2003, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for determination of that branch of the plaintiff's motion which was for approval of the notice of pendency of the class action; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff worked for six years as a commissioned salesperson for Federated Department Stores, Inc., doing business as Bloomingdales (hereinafter Federated), and thereafter for four months as a commissioned salesperson for the defendant May Department Stores Company, doing business as Lord & Taylor (hereinafter Lord & Taylor). The plaintiff and other department store salespersons commenced an action against Federated, Lord & Taylor, and several other New York department stores, seeking, inter alia, to recover certain amounts deducted from the individual sales receipts upon which their commissions were calculated. The amounts so deducted reflected an apportioned share of so-called "unidentified returns," i.e., merchandise returned to a store by a customer without documentation identifying any particular salesperson as having generated the sale. After the Supreme Court dismissed the action, we reinstated the causes of action against Lord & Taylor and two of the companies spun off by Federated, to wit, Bloomingdales, Inc. (hereinafter Bloomingdales), and Macy's East, Inc. (hereinafter Macy's) (see Jacobs v Macy's E., 262 AD2d 607 [1999]).

Thereafter, the Supreme Court severed the plaintiff's causes of action against Lord & Taylor from his and the other plaintiffs' action against Macy's and Bloomingdales. The plaintiffs moved for class certification in the latter action. The Supreme Court granted class certification, and we affirmed that determination, thus, in effect, approving the plaintiff as the class representative in connection with causes of action asserted against Bloomingdales (see Jacobs v Macy's E., Inc., 17 AD3d 318 [2005]).

The plaintiff separately moved in the instant action for class certification and for approval of the form and contents of his

proposed notice to the class of the pendency of the class action. The Supreme Court denied his motion, determining that the plaintiff had not established that, in accordance with CPLR 901 (a) (4), he could fairly and adequately represent the class because, inter alia, he was not sufficiently familiar with the nature and details of either his own claim or the underlying dispute. The Supreme Court sua sponte determined that the plaintiff had also failed to establish that he was financially capable of proceeding on behalf of the class.

The plaintiff thereafter moved for leave to renew and reargue the motion. The Supreme Court denied renewal, determining that the plaintiff failed to proffer a reasonable excuse as to why he did not submit evidence relating to his financial condition with his initial motion papers. It granted reargument but, upon reargument, adhered to its prior determination. We now grant the plaintiff's motion for leave to renew, and upon both renewal and reargument, we grant that branch of the plaintiff's motion which was for class certification.

While it is true that a motion for renewal generally should be based on newly discovered facts, this rule is not inflexible, and the court has discretion to grant renewal even upon facts known to the movant at the time of the original motion (*see Granato v Waldbaum's, Inc.*, 289 AD2d 289 [2001]; *Esa v New York Prop. Ins. Underwriting Assn.*, 89 AD2d 865 [1982]; *Weinstein v Kiamesha Concord*, 29 AD2d 878 [1968]). In this case, the additional facts submitted by the plaintiff in connection with his motion for renewal related to his financial ability to prosecute the action as a class representative, and his attorney's promise to assume responsibility for litigation expenses, issues which had not previously been raised by the parties but, rather, had been raised, sua sponte, by the Supreme Court in its initial order. Thus, it was error for the Supreme Court not to consider these additional facts (*see Esa v New York Prop. Ins. Underwriting Assn., supra* at 865; *see also Scannell v Mt. Sinai Med. Ctr.*, 256 AD2d 214 [1998]; *Matter of Bevona [Superior Maintenance Co.]*, 204 AD2d 136, 138-139 [1994]; *Cruickshank v Dukes*, 1 Misc 3d 53, 55 [2003]).

A proper consideration of these facts reveals that, in the circumstances presented by this case, the plaintiff's financial condition cannot disqualify him from fairly and adequately representing the class. In the first instance, the plaintiff testified that he could afford to pay the sum of $10,000 in expenses, and probably would be able to pay up to the sum of $25,000. In any event, where, as here, the plaintiff's attorney promises to assume responsibility for litigation expenses, the plaintiff's

personal financial condition becomes irrelevant (*see* CPLR 901 [a] [4]; *Stern v Carter*, 82 AD2d 321, 338 [1981]; *see also Ackerman v Price Waterhouse*, 252 AD2d 179, 201 [1998]; *Pruitt v Rockefeller Ctr. Props.*, 167 AD2d 14, 25 [1991]; *Katz v NVF Co.*, 119 Misc 2d 48, 61 [1983], *revd on other grounds* 100 AD2d 470 [1984]; *Cannon v Equitable Life Assur. Socy. of U.S.*, 106 Misc 2d 1060, 1068-1069 [1980], *vacated on other grounds* 87 AD2d 403 [1982]; *cf. Kidd v Delta Funding Corp.*, 289 AD2d 203 [2001]). In addition, and contrary to the Supreme Court's determination, the "defendant[ ] ha[s] only [it]sel[f] to blame" for any "lack of detail" concerning the plaintiff's financial situation, because "[d]espite extensive questioning at his deposition, plaintiff was never asked about the nature of his assets or the amount of his income. Defendant[ ] w[as] apparently satisfied by plaintiff's testimony that he was able to finance the litigation" (*Pruitt v Rockefeller Ctr. Props., supra* at 25-26).

Moreover, upon reargument, the Supreme Court should not have adhered to its prior determination. The Supreme Court misapprehended the plaintiff's deposition testimony, which clearly established that he had, at the very least, a general awareness of the nature of the underlying dispute, the ongoing litigation, and the relief sought on behalf of the class (*see Ackerman v Price Waterhouse, supra* at 195, 201-202; *Brandon v Chefetz*, 106 AD2d 162, 170 [1985]; *cf. King v Club Med*, 76 AD2d 123, 130 [1980]).

CPLR article 9, which authorizes and sets forth the criteria to be considered in granting class action certification, is to be liberally construed (*see Jacobs v Macy's E., supra; Kidd v Delta Funding Corp., supra; Liechtung v Tower Air*, 269 AD2d 363 [2000]; *Lauer v New York Tel. Co.*, 231 AD2d 126, 130 [1997]; *Friar v Vanguard Holding Corp.*, 78 AD2d 83, 91 [1980]). We have previously held that "any error should be resolved in favor of allowing the class action" (*Liechtung v Tower Air, supra* at 364; *see Kidd v Delta Funding Corp., supra* at 203; *Friar v Vanguard Holding Corp., supra* at 100). Thus, although "[t]he determination to grant class action certification is one resting in the sound discretion of the trial court" (*Liechtung v Tower Air, supra* at 364; *see Jacobs v Macy's E.*, 17 AD3d at 320; *Tosner v Town of Hempstead*, 12 AD3d 589, 590 [2004]; *Lauer v New York Tel. Co., supra* at 130), the Supreme Court improvidently exercised its discretion in the instant action. Contrary to Lord & Taylor's contentions, the plaintiff satisfied the statutory criteria set forth in CPLR 901, and class action certification is warranted (*see Jacobs v Macy's E., supra; see also Tosner v Town of Hempstead, supra; Kidd v Delta Funding Corp., supra*

at 203; *Branch v Crabtree*, 197 AD2d 557 [1993]; *Dagnoli v Spring Val. Mobile Vil.*, 165 AD2d 859, 860 [1990]; *Friar v Vanguard Holding Corp., supra*).

Lord & Taylor's remaining contentions are without merit.

Accordingly, upon renewal and reargument, class action certification should have been granted. As the court never reviewed the sufficiency of the proposed notice of pendency, we remit the matter to the Supreme Court, Queens County, for determination of that branch of the plaintiff's motion which was for approval of the notice of pendency of the class action. Adams, J.P., Luciano, Mastro and Lunn, JJ., concur.