■ JOHN W. MONCRIEF, Plaintiff, v MICHAEL DICHIARO, Defendant, and PURCHASE LAND DEVELOPMENT CORP., Defendant and Third-Party Plaintiff-Respondent. USI HOLDINGS CORPORATION, Third-Party Defendant-Respondent, et al., Third-Party Defendants; SIRIUS AMERICA INSURANCE COMPANY, Third-Party Defendant-Appellant. [862 NYS2d 67]—

In an action to recover damages for personal injuries, etc., and related third-party actions, inter alia, for a judgment declaring that Sirius America Insurance Company is obligated to defend and indemnify the defendants in the main action, the second third-party defendant Sirius America Insurance Company appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), entered July 3, 2007, which granted the motion of the defendant third-party plaintiff/second third-party plaintiff, Purchase Land Development Corp., for leave to renew its opposition to the prior motion of Sirius America Insurance Company, among other things, for summary judgment dismissing the second third-party complaint insofar as asserted against it, which had been granted in an order of the same court entered June 7, 2006, and, upon renewal, denied the motion for summary judgment.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the motion of the defendant third-party plaintiff/second third-party plaintiff Purchase Land Development Corp. (hereinafter PLDC), for leave to renew its opposition to the prior motion of the second third-party defendant Sirius America Insurance Company (hereinafter Sirius) for summary judgment dismissing the second third-party complaint insofar as asserted against it (*see* CPLR 2221 [e]; *Chunqi Liu v Wong,* 46 AD3d 735, 736 [2007]; *Kreusi v City of New York,* 40 AD3d 820, 822 [2007]; *cf. Matter of Orange & Rockland Util. v Assessor of Town of Haverstraw,* 304 AD2d 668, 669 [2003]). Even if some of the evidence relied upon by PLDC in moving for renewal may have been known to it at the time it had originally opposed Sirius's prior motion, the court did not improvidently exercise its discretion in granting renewal (*see Wilder v May Dept. Stores Co.,* 23 AD3d 646, 648 [2005]; *Granato v Waldbaum's, Inc.,* 289 AD2d 289 [2001]).

Upon renewal, the court properly denied Sirius's motion for summary judgment dismissing the second third-party complaint insofar as asserted against it. Sirius established, prima facie, that it was not obligated to defend and indemnify PLDC in the main action, which arose from injuries the infant plaintiff allegedly sustained on November 5, 2002 in an unfinished home owned by PLDC. An endorsement in the commercial general liability insurance policy Sirius issued to PLDC listed coverage only for another premises, but not the subject premises. Further, although PLDC contends that in May and/or July 2002 the defendant Michael DiChiaro, an officer of PLDC, instructed PLDC's insurance broker USI Holdings Corporation (hereinafter USI Holdings) to have Sirius add the subject premises to the policy, USI Holdings did not make that request to Sirius until March 26, 2003, two days before the policy expired and well after the alleged accident date. In opposition, upon renewal, PLDC raised a question of fact by submitting deposition testimony of Dominick Sansotta, a vice-president of PLDC's insurance broker, that after the policy expired, Sirius audited the policy, and thereafter charged PLDC "a premium for all the work associated with [the subject premises]" during the entirety of the policy period March 28, 2002 to March 28, 2003. Although Sansotta conceded that the audit may not have specifically listed the subject premises as the property covered under the policy during the policy period, he explained that the coverage was related to PLDC's construction of a home, and during the policy period, the only home owned by and being built by PLDC was located at the subject premises. As such, Sansotta's deposition testimony also raised a question of fact as to whether Sirius may be estopped from denying coverage after it accepted premium payments from PLDC following the audit (*see Scalia v Equitable Life Assur. Socy. of U.S.*, 251 AD2d 315 [1998]; *cf. Belesi v Connecticut Mut. Life Ins. Co.*, 272 AD2d 353, 354 [2000]).

We do not reach Sirius's contention concerning that branch of its motion which was for summary judgment dismissing the second third-party complaint on the ground of a late notice of claim, as that branch of the motion was not addressed by the Supreme Court in the order appealed from. Thus, it remains pending and undecided (*see Katz v Katz,* 68 AD2d 536, 543 [1979]). Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.