■ ALAYNE SALVADOR, Respondent, v NEW YORK BOTANICAL GARDEN, Defendant, and VERIZON NEW YORK, INC., Appellant. [895 NYS2d 410]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered November 28, 2008, which denied defendant Verizon New York, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed as against said defendant. The Clerk is directed to enter judgment accordingly.

The instant action is for personal injuries stemming from the negligent maintenance of a premises. Plaintiff alleges that on February 5, 2005, while within premises owned and maintained by defendant New York Botanical Garden (Botanical Garden), she was injured when she collided with a telephone booth, housing a telephone installed by defendant Verizon New York, Inc. (Verizon). Plaintiff further alleges that the placement of the telephone booth, in combination with several other factors, such as the lighting conditions at the time, constituted a dangerous condition and that defendants were negligent with respect to the maintenance of both the premises and the telephone booth.

The record reveals the following. On February 5, 2005, plaintiff along with her child, her friend, and her friend's child,

was within the instant premises. While plaintiff stood in a brightly lit area, her friend's child darted towards a dark hallway. As plaintiff chased the child, following a handrail along a ramp in the hallway, she ran into an unmarked and dark telephone half booth. Although Verizon installed the telephone, there was uncontradicted testimony that Verizon did not provide or install the booth and would not normally install customer-provided equipment. The hallway within which the telephone booth was located was illuminated with fluorescent lights, maintained by Botanical Garden, which were checked daily prior to admitting the public into the premises.

Verizon moved for summary judgment, asserting, inter alia, that the phone booth was open and obvious and not inherently dangerous and that in any event, Verizon did not install or provide the booth. The Supreme Court denied the motion, holding that Verizon failed to establish that the telephone booth was both open and obvious and not an inherently dangerous condition.

In order to prevail in any action premised upon negligence, it must be established that defendant owed plaintiff a duty, that defendant, by act or omission, breached such duty, that such breach was the proximate cause of plaintiff's injuries, and that plaintiff sustained damages (*Febesh v Elcejay Inn Corp.*, 157 AD2d 102 [1990], *lv denied* 77 NY2d 801 [1991]). Absent any evidence of causation, there can be no liability (*Laub v Faessel*, 297 AD2d 28, 31 [2002]).

Accordingly, inasmuch as the evidence indicates that Verizon neither installed the telephone booth nor maintained the premises and its lighting, there is no causal connection between plaintiff's injury and Verizon's conduct. Concur—Tom, J.P., Nardelli, Freedman and Román, JJ.