■ ALTONA JOSEPH, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. [938 NYS2d 3]—

Where the parties stipulated to a date for making a summary judgment motion and defendant inadvertently failed to append the "so ordered" version of the stipulation, the motion court improvidently exercised its discretion in finding the motion to be untimely. On the motion to renew, defendant provided a so-ordered version of a stipulation, offered a reasonable excuse for its failure to include the new evidence in the original motion (i.e., law office failure), and demonstrated the merit of its defense (*see* CPLR 2221 [e]). In addition, there is no claim of prejudice by plaintiff (*see Scannell v Mt. Sinai Med. Ctr.*, 256 AD2d 214 [1998]). That the additional evidence was available at the time of the original motion is not dispositive (*see Cruz v Bronx Lebanon Hosp. Ctr.*, 73 AD3d 597, 598 [2010]; *Scannell*, 256 AD2d at 214). Here, the additional evidence addressed an issue raised by the court in the original decision (*Scannell*, 256 AD2d at 214). In such circumstances, it was error for the court not to consider the new evidence (*id.*).

Defendant's motion for summary judgment dismissing the complaint should have been granted. Defendant made a prima facie showing that plaintiff's injuries were not caused by defendant's alleged negligence (*see Salvador v New York Botanical Garden*, 71 AD3d 422, 423 [2010]). Indeed, defendant submitted plaintiff's medical records indicating that her injuries existed before the subject incident. That the hospital records are unsworn is of no moment, given that plaintiff relied on the records in opposition to the motion (*cf. Clemmer v Drah Cab Corp.*, 74 AD3d 660, 661 [2010]).

In response, plaintiff failed to raise an issue of fact. The affirmation of her gastroenterologist, who stated that plaintiff never complained of, or had, any back or neck problems before the

incident, does not raise an issue of fact as to causation, particularly since the doctor does not specialize in back and neck injuries. The other medical records plaintiff submitted also do not raise an issue of fact as to causation, as none of the doctors opined as to the cause of any injury to plaintiff.

Even if plaintiff raised an issue of fact, her action is barred by the collateral estoppel effect of a medical arbitrator's determination that her alleged injuries were not caused by the subject incident (*see Safchik v Board of Educ. of City of N.Y.*, 158 AD2d 277, 278 [1990]; *see also Pisano v New York City Bd. of Educ.*, 303 AD2d 735, 736 [2003]). Concur—Andrias, J.P., Sweeny, Moskowitz, Renwick and Freedman, JJ.