First Mercury Ins. Co. v Nova Restoration of NY, Inc. (2022 NY Slip Op 02059)





First Mercury Ins. Co. v Nova Restoration of NY, Inc.


2022 NY Slip Op 02059


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Kern, J.P., Mazzarelli, Gesmer, González, Higgitt, JJ. 


Index No. 656240/16 Appeal No. 14992-14493-14494-14495 Case No. 2020-03997 2020-04001 2020-04002 2020-04127 2021-01122 

[*1]First Mercury Insurance Company, Plaintiff-Respondent,
v
Nova Restoration of NY, Inc., et al., Defendants, The Cobblestone Lofts Condominium et al., Defendants-Appellants, American Empire Surplus Lines Insurance Company, Defendant-Respondent. 


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Joseph A.H. McGovern of counsel), for appellants.
Kennedys CMK LLP, New York (Thomas C. Kaufman and Gary S. Kull of the bar of the State of New Jersey, admitted pro hac vice, of counsel), for First Mercury Insurance Company, respondent.
L'Abbate, Balkan, Colavita & Contini, LLP, Melville (John D. McKenna of counsel), for American Empire Surplus Lines Insurance Company, respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about February 1, 2021, which granted the renewal motions of plaintiff First Mercury Insurance Company (First Mercury) and defendant American Empire Surplus Lines Insurance Company (American Empire, together insurance companies), and upon renewal, granted the insurance companies' motions for summary judgment, found no duty to defend or indemnify defendants Nova Restoration of NY, Inc. and Nova Restoration LLC (together, Nova) in the underlying litigation, and dismissed all other claims, cross claims, and counterclaims as moot, unanimously affirmed, without costs. Appeals from order, same court and Justice, entered October 7, 2019, which denied defendants The Cobblestone Lofts Condominium and The Andrews Organization f/k/a Andrews Building Corporation's (together, Condo defendants) cross motions for summary judgment and set a hearing regarding the summary judgment motions of the insurance companies; from order, same court and Justice, entered January 9, 2020, which denied all other requested relief, without prejudice to a determination at trial; from order, same court and Justice, entered September 11, 2020, which directed that outstanding issues of fact be presented to a jury rather than at a hearing; and from order, same court and Justice, entered September 18, 2020, which clarified unresolved issues, unanimously dismissed, without costs, as academic. Appeal by Nova from the February 1, 2021 order, unanimously dismissed, without costs, as abandoned.
The Condo defendants' cross motions for summary judgment were properly denied on the ground that Insurance Law § 3420(d)(2) is inapplicable. "By its plain terms, section 3420(d)(2) applies only in a particular context: insurance cases involving death and bodily injury claims arising out of a New York accident and brought under a New York liability policy" (KeySpan Gas E. Corp. v Munich Reins. Am., Inc., 23 NY3d 583, 590 [2014]). Contrary to the Condo defendants' contention, the underlying claim, which asserts shoddy construction resulting in water damage and growth of mold does not arise out of an "accident" as that term is used in section 3420(d)(2). Further, the Condo defendants failed to demonstrate that either First Mercury or American Empire "clearly manifested an intent to abandon" its reliance on the exterior insulation and finish systems (EIFS) exclusions, given their explicit reservations of rights when agreeing to provide a defense to Nova (id. at 591).
Supreme Court did not err in granting leave to renew. "Because the new facts submitted on the motion[s] to renew 'addressed an issue raised sua sponte by the court in the original decision,'" the insurance companies "had a reasonable excuse for failing to offer them on the prior motion" (Matter of Hernandez v New York City Hous. Auth., 129 AD3d 446, 446 [1st Dept 2015], quoting Scannell v Mt. Sinai Med. Ctr., 256 AD2d 214, 214 [1st Dept 1998]; see CPLR 2221[e][3]). [*2]The Condo defendants even joined in the request to allow the expert discovery for which they now contend there was no reasonable excuse for not submitting with the original motions.
Nor did Supreme Court err in granting summary judgment to First Mercury and American Empire based on their EIFS exclusions. The new, unrebutted evidence, along with the scope of work in the construction contracts, showed that, under the first prong of the exclusion, Nova engaged in the "design, manufacture, construction, fabrication, preparation, installation, application, maintenance or repair, including remodeling, service, correction, or replacement" of EIFS, as well as "the application or use of ... flashings ... in connection" with EIFS, on the outside of the building and rooftop penthouse apartment in question. This "unambiguous provision[] . . . must be given [its] plain and ordinary meaning" (White v Continental Cas. Co., 9 NY3d 264, 267 [2007]).
Further, the evidence showed that, under the second prong of the exclusion, Nova worked on an "exterior component, fixture or feature of any structure" where EIFS "is used on any part of that structure." Whether the term "structure" must refer only to the entire building or the language is ambiguous and also may refer to the penthouse apartment itself, it is evident that the work was performed on an exterior component of both, and EIFS was used on both structures (see White, 9 NY3d at 267-268).
We decline to apply the Condo defendants' "strained construction" that the term "structure" may also refer to components such as the roof or roof deck, on which no EIFS was used (Westchester Fire Ins. Co. v Schorsch, 186 AD3d 132, 140 [1st Dept 2020]; see Bretton v Mutual of Omaha Ins. Co., 110 AD2d 46, 49 [1st Dept 1985], affd 66 NY2d 1020 [1985]), given that the industry standards submitted on renewal define EIFS as a "nonload bearing, exterior wall cladding system" that clearly would not be installed on a roof or deck. "[A]mbiguity in policy language will not be found to exist merely because two conflicting interpretations may be suggested" (Westchester Fire Ins. Co., 186 AD3d at 140).
We have considered the Condo defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022