579 Fifth Ave., LLC v Sargoy, Stein, Rosen & Shapiro (2025 NY Slip Op 06269)

579 Fifth Ave., LLC v Sargoy, Stein, Rosen & Shapiro

2025 NY Slip Op 06269

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Webber, J.P., Kennedy, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 157315/21|Appeal No. 5101-5102|Case No. 2024-05787, 2025-03594|

[*1]579 Fifth Avenue, LLC, Plaintiff-Respondent,
v
Sargoy, Stein, Rosen & Shapiro, Defendant-Appellant.

Law Office of Allison M. Furman, P.C., New York (Allison M. Furman of counsel), for appellant.
The Klein Law Group Cre PLLC, New York (Solomon Jaskiel of counsel), for respondent.

Appeals from order and amended order, Supreme Court, New York County (W. Franc Perry, J.), entered on or about July 31, 2024 and March 26, 2025, deemed appeal from the judgment, same court and Justice, entered May 7, 2025 (CPLR 5501[c]; 5520[c]), to the extent appealed from as limited by the briefs, granting plaintiff's motion for summary judgment and awarding plaintiff $1,289,211.74, together with interest at the rate of 9% per annum from July 31, 2024, together with costs and disbursements, unanimously affirmed, without costs.
Plaintiff landlord commenced this action to recover unpaid rent from defendant tenant under a 10-year commercial lease. Plaintiff claimed that defendant breached the lease when it ceased making rent payments more than six years before the lease term expired, following its vacatur (albeit not surrender) of the premises on June 30, 2021.
The motion court providently exercised its discretion in reviewing plaintiff's second motion for summary judgment in the interest of judicial efficiency (see MTGLQ Invs., LP v Collado, 183 AD3d 414, 414 [1st Dept 2020]). Even if the motion was, in essence, one for leave to renew an October 2022 order, the court properly considered the motion, as the additional facts offered by plaintiff in support of the motion related to an issue raised by the court in the October 2022 order, i.e., surrender of the premises (see Matter of Bevona [Superior Maintenance Co.], 204 AD2d 136, 138 [1st Dept 1994]; First Mercury Ins. Co. v Nova Restoration of NY, Inc., 203 AD3d 598, 599 [1st Dept 2022]).
The court properly granted plaintiff's second motion for summary judgment because it addressed the issue of surrender of the lease (see generally 830 Eighth Ave. LLC v Global at 8th LLC, 198 AD3d 404, 405 [1st Dept 2021]). Plaintiff had a "reasonable excuse" for failing to offer a letter agreement, in which defendant agreed that there was no surrender of the lease, on the prior motion (see Matter of Hernandez v New York City Hous. Auth., 129 AD3d 446, 446 [1st Dept 2015]) because defendant did not assert the affirmative defense of surrender in its answer and did not even oppose plaintiff's prior summary judgment motion. That the letter agreement "was available at the time of the original motion is not dispositive" (Joseph v Board of Educ. of City of N.Y., 91 AD3d 528, 529 [1st Dept 2012]).
As to the amended order on appeal, defendant attached the wrong order to the notice of appeal. However, the correct order was identified and described in the notice of appeal, and it is included elsewhere in the record. Accordingly, we treat the notice of appeal as valid (CPLR 5520[c]). In addition, because the court issued the amended order sua sponte, and thus, no appeal as of right lies from the amended order (see CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]), we deem the notice of appeal as a motion for leave to appeal and grant the motion (see Rodriguez v Diaz, 217 AD3d 612, 613 [1st Dept 2023]).
The court correctly amended the first order to clarify that the postjudgment interest awarded in the first order would be at the statutory rate commencing on July 31, 2024, the date that the order was entered, and to direct that the judgment be awarded with costs (see CPLR 5019[a]; Woolfalk v New York City Hous. Auth., 36 AD3d 444, 445 [1st Dept 2007]). Although defendant challenges the amended order on the basis that it was not afforded notice and a hearing, defendant does not argue that a different interest rate should have been applied, that the accrual date for interest was incorrect, or that a different award outcome should have resulted. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025